# Wytheville.

## J. E. OLD AND JOHN C. WOOD v. COMMONWEALTH, ETC.

### June 16, 1927.

#### Absent, Prentis, P.

1. COUNTIES—*Official Bond of Supervisor—Liability of Sureties—Misappropriation of Road Funds—Case at Bar.*—The instant case was an action against the principal and sureties of a bond executed for the faithful performance of the duties of the principal as supervisor. The principal, during his term of office, received from the treasurer of the county, on warrants issued to him by the board of supervisors, a certain sum of money, to be expended by him for public road purposes. This money, it was alleged, the principal appropriated to his own use. The failure to expend the money for road purposes and its misappropriation was alleged to be such a breach of the conditions of the bond as to entitle the county to recover against the sureties.

   *Held:* That the failure to expend the money for road purposes and the misappropriation of the money did not come within the scope of principal's official duties as supervisor.

2. OFFICIAL BONDS—*Surety on Official Bonds—Official Duties—Supervisors.*—One who becomes a surety upon an official bond is presumed to execute the same with full knowledge of the duties to be performed by the principal. Generally, the official duties of an officer are fixed by law and especially is this true of a supervisor who is a constitutional officer whose duties include only such as are prescribed by law.

3. COUNTIES—*Bond of Supervisor—Power and Duties—Liability of Sureties on Official Bond of Supervisor.*—The powers and duties of the board of supervisors are fixed by statute, and it has no other powers than those conferred expressly, or by necessary implication. This being true, the sureties upon the official bond of a supervisor only contract to hold the county harmless in the event their principal commits a breach of his official duty as prescribed by law.

4. COUNTIES—*Official Bond of Supervisor—Liability of Sureties—Misappropriation of Road Funds—Section 2039 (a) of the Code of 1924—Case at Bar.*—While it is true that section 2039 (a) of the Code of 1924 provides that in counties not having a superintendent of roads the board of supervisors shall have the power to cause public roads

to be kept in good condition, this provision of the Code does not nor is there any provision which does authorize a supervisor to collect and disburse funds for road construction.

5. COUNTIES—*County Treasurer—Sole Custodian of Funds.*—The treasurer of the county is by statute made the custodian of all county funds and it is his duty to disburse the funds of the county upon proper warrants.

Error to a judgment of the Circuit Court of Princess Anne county in a proceeding by motion for a judgment for money. Judgment for plaintiffs. Defendant assigns error.

*Reversed.*

The opinion states the case.

*A. Johnston Ackiss* and *Hughes, Vandevanter & Eggleston,* for the plaintiffs in error.

*Edwin J. Smith,* for the defendant in error.

CAMPBELL, J., delivered the opinion of the court.

This is a proceeding by notice of motion instituted by the Commonwealth of Virginia, suing for the benefit of Princess Anne county, against the principal and sureties of a bond executed for the faithful performance of the duties of R. L. Smith, as supervisor for the Seaboard magisterial district, to recover the sum of $2,500.00, the penalty of the bond.

[1] The facts of the case are not controverted, and are set forth in the notice of motion as follows: At the general election held on November 4, 1919, R. L. Smith was elected supervisor for the Seaboard magisterial district, for the term of office beginning on January 1, 1920. On December 22, 1919, R. L. Smith,

as principal, and J. E. Old and John C. Wood, as sureties, executed a bond in the sum of $2,500.00, payable to the Commonwealth of Virginia, conditioned upon the faithful discharge by Smith "of the duties of his said office or trust as supervisor." The notice further alleges that Smith, during his term of office, received from the treasurer of the county, on warrants issued to him by the board of supervisors, the sum of $4,267.97, to be expended by him for public road purposes. This sum of money Smith is alleged to have appropriated to his own use.

The failure of Smith to expend the money received for public road purposes and the appropriation thereof to his own use is alleged in the notice as such a breach of the conditions of the bond as entitles the county to recover against the sureties on the bond.

Plaintiffs in error filed their written demurrer to the notice of motion for judgment, in which it is alleged that the notice filed is not sufficient in law, and rely on the following grounds: (a) that the duties of Smith as a supervisor were fixed by law; (b) that these statutory duties did not include the duty of disbursing or handling county funds for public road purposes, or for any other purpose, and that in receiving for disbursement the said funds, Smith was not acting within the scope of his official duties as supervisor; (c) that the notice of motion did not allege as a matter of law any breach by Smith of any official duty incumbent upon him as supervisor or the breach of any covenant in his official bond.

The trial court overruled the demurrer; there was a trial by jury which resulted in a verdict for the plaintiff in the sum of $2,500.00, upon which the court entered judgment.

It is assigned as error that the trial court erred in

not sustaining the demurrer to the notice of motion for judgment. The sole question for determination is: Did the alleged acts of Smith come within the scope of his official duties as a supervisor?

Section 111 of the Constitution provides that in each magisterial district there shall be elected by the qualified voters thereof one supervisor. The supervisors of the districts shall constitute the board of supervisors of the county, which shall meet at stated periods and at other times as often as may be necessary, lay the county and district levies, pass upon all claims against the county and perform such duties as may be required by law. There are other duties prescribed in the various chapters dealing with roads, county officers, etc., but in general these duties may be classified as follows: The control, management and jurisdiction of all county roads, bridges, landings, buildings; the auditing and settling of the accounts of the county and of the various county officers; the allowance of claims against the county and the issue of warrants therefor; the fixing and ordering of county levies; and the enactment of certain local rules and regulations in county government.

[2] One who becomes a surety upon an official bond is presumed to execute the same with full knowledge of the duties to be performed by the principal. Generally, the official duties of an officer are fixed by law and especially is this true of a supervisor who is a constitutional officer and whose duties include only such as are prescribed by law.

In *Roper* v. *McWhorter*, 77 Va. 223, the court said: "The board of supervisors, like every other *quasi* corporate body, being the mere creature of the statute, it has only such powers as are expressly conferred upon

it, or necessarily implied in furtherance of the object of the creation.''

[3] In *Supervisors* v. *Powell*, 95 Va. 635, 637, 29 S. E. 682, 683, the court said: ''The powers and duties of the board of supervisors are fixed by statute, and it has no other powers than those conferred expressly or by necessary implication.''

This being true, the sureties upon the official bond of Smith only contracted to hold the county harmless in the event Smith committed a breach of his official duty as prescribed by law. They were not called upon to investigate further than the statutes to ascertain the duties incumbent upon their principal as a supervisor. They had the right to stand upon the letter of their contract. ''Their liability is always *strictissimi juris*, as was said in *McCulsky* v. *Cromwell* [11 N. Y.], 1 Kernan, at page 598, and cannot be extended by construction.'' *Blanton* v. *Commonwealth*, 91 Va. 16, 20 S. E. 886.

[4, 5] While it is true that section 2039 (a), Michie's Code, 1924, provides that in counties not having a superintendent of roads the board of supervisors shall have the power to cause public roads to be kept in good condition, this provision of the Code does not, nor is there any provision which authorizes a supervisor to collect and disburse funds for road construction. The treasurer of the county is by statute made the custodian of all county funds and it is his duty to disburse the funds of the county upon proper warrants.

In 15 C. J. 586, it is said: ''Where the actual disbursement of county funds is entrusted by statute to a particular officer, other officers have no authority to disburse them, and the official designated can pay out the money lawfully only in the manner and for the purposes prescribed by law.''

In *Leachman* v. *Board of Supervisors*, 124 Va. 616, 623, 98 S. E. 656, 658, the court said: "The statutes of this State give in detail the method by which boards of supervisors may allow and pay claims within their jurisdiction. No provision is made for paying such claims except by a warrant on the treasurer, and Code, 1904, section 851 (Code of 1919, section 2772), provides that 'every warrant shall be signed by the clerk and countersigned by the acting chairman of the board, and the name of the person to whom it is issued shall be entered in a book to be kept by him in his office for the purpose; but no warrant shall be issued except upon a recorded vote or resolution of the board.' "

The Commonwealth does not seek a recovery in this case on the ground that there was a breach of duty upon the part of Smith in voting as a member of the board of supervisors to turn over this money to himself. It bases its right of action on the proposition that Smith received the money in the discharge of his official duty; that he failed to discharge a duty imposed upon him by law, and that this was a breach of the condition of his bond. This contention is untenable. As the law did not impose this duty upon Smith, his acts in this regard were beyond the scope of his official duties, and constituted not an official, but a purely personal act.

In 29 Cyc., page 1455, it is said: "An official bond is not regarded as imposing liability for the purely personal acts of officers not done as a part of or in connection with their official duty, as, for example, the recovery of money which it was not the officer's duty to receive."

In *Loving* v. *Auditor*, 76 Va. 942, it is held that where money goes into the hands of a State agent outside of his lawful duties, that his receipt thereof is without authority of law and the sureties upon his

official bond are not chargeable with the agent's defalcation.

To the same effect is the holding in *Fidelity and Deposit Co.* v. *Gill*, 116 Va. 86, 81 S. E. 39.

We are of the opinion that the notice of motion for judgment did not state a good cause of action, and for this reason the trial court should have sustained the demurrer.

For the error of the court in not sustaining the demurrer to the notice of motion, its judgment must be reversed, the verdict of the jury set aside and the case remanded to the circuit court, with leave to amend the notice, if the plaintiff be so advised, and for further proceedings not in conflict with the views herein expressed.

*Reversed.*