# Wythebille

RICHMOND FOOD STORES, INC. v. CITY OF RICHMOND.

June 9, 1941.

Record No. 2376.

Present, Campbell, C. J., and Holt, Hudgins, Gregory, Browning and Spratley, JJ.

*J. Vaughan Gary* and *John J. Wicker, Jr.,* for the plaintiff in error.

*Horace H. Edwards* and *Henry R. Miller, Jr.,* for the defendant in error.

CAMPBELL, C. J., delivered the opinion of the court.

Plaintiff in error is a domestic corporation organized under the provisions of section 3855 of the Code of Virginia, with its principal office in the city of Richmond. The corporation was formed for the sole benefit of one hundred and fifty-five retail grocers located in the city and vicinity. The dominant reason for the formation of the corporation was to enable the members thereof to buy collectively and thereby obtain the advantage of buying their merchandise in large quantities, and thus meet, in a measure, the chain store competition.

Each member of the corporation is required to own five shares of stock, but the voting power of the shares is limited to one vote. The operative expense of the corporation is based upon a return of four per cent commissions, which is applicable to the purchase price of all merchandise, except vegetables, sold to members.

The charter provides that in the event of liquidation or dissolution of the organization, then, after the discharge of all liabilities, the remaining assets, if any, shall be divided between the member stockholders in proportion to the amount of stock held by each, but not to exceed the par value of such stock. Only duly elected members of the organization are permitted to own its stock, and transfer of stock is restricted by the charter, which provides that whenever a stockholder contemplates selling his stock, he shall first offer it to the organization for purchase by it, and in no event shall the price exceed the par value of the stock.

The by-laws of the corporation provide that only those who are members thereof shall be entitled to the privilege of purchasing merchandise from the organization, and in no event are members permitted to resell said merchandise to non-members, except in the regular course of his or its retail business. Any member violating this provision is subject to a fine.

Each member pays a State and city license tax for doing business as a retail merchant.

Plaintiff in error, in accordance with the provisions

of section 414 of the Tax Code, filed in the Hustings Court of the city of Richmond its application for the correction of an alleged erroneous assessment of city wholesale merchant's license taxes made by the commissioner of revenue.

. The assessment made by the commissioner of the revenue on the 15th of April, 1939, was a retroactive assessment and applied to the years 1937, 1938 and 1939. It is conceded that plaintiff has paid all taxes assessable against it for conducting business as a commission merchant. The basis of the assessment was an alleged error in assessing plaintiff in error for the years named with a commission merchant's license, instead of assessing it with a license tax as a wholesale merchant.

The lower court denied the relief sought in the application of plaintiff in error.

The sole issue in this case is whether plaintiff in error is a commission merchant under the provisions of section 86 of chapter 10 of the city code, or a wholesale merchant under the provisions of section 121, chapter 10 of the city code.

The able counsel representing the corporation and the city have filed carefully prepared briefs in which they discuss at length the State statutes and the city ordinances involved. The briefs also seek to define a wholesale merchant and a commission merchant and cite numerous authorities to sustain their respective contentions.

In the view we have of the case, it is unnecessary to follow either line of argument adopted in the briefs.

During the progress of the hearing in the lower court, counsel for the corporation offered in evidence two letters from Honorable C. H. Morrissett, State Tax Commissioner. Counsel for the city objected to the introduction of the letters as evidence, which objection the court sustained, but permitted the letters to be used in argument by counsel.

We agree with the ruling of the trial court that

the letters were inadmissible as evidence, but, in our opinion, they are illuminating on the question of the true status of the plaintiff in error.

■ Mr. Morrissett is a recognized tax expert, and his views upon the question involved are entitled to the same careful consideration we would accord to any recognized text-writer upon a given subject.

These letters were written in reply to a letter from counsel for the corporation in which he sought the advice of the State tax commissioner as to the license tax to be imposed. The two letters are as follows:

"Richmond, June 21, 1937.

"Hon. J. Vaughan Gary,
 Attorney at Law,
 State Planters Bank Building,
 Richmond, Virginia.

"My dear Mr. Gary:
 "Your letter of the 22nd instant, in relation to the Richmond Food Stores, Incorporated, has been received and sympathetically read.

"As you know, the corporation is a separate and distinct legal entity from its members or stockholders. This is true whether the corporation be stock or non-stock. The purpose of creating a corporation is to create an artificial person separate and distinct from the individuals who may be interested.

"This corporation up until April 28, 1937, was engaged in buying and selling merchandise straightout, and I am unable to find any ground on which to hold that the corporation was not a merchant and subject to the regular license taxes imposed on merchants. This holding does not result in any injustice, because the corporation has been taking the place of an independent wholesaler and has been in competition with other wholesalers. All business and quasi-business corporations are operated

for the benefit of their stockholders or members. The value of a corporation is not always measured by dividends paid in money. Even a charitable corporation if it engages in the business of buying and selling merchandise is subject to merchants' license taxation.

"Beginning April 28, 1937, when a new corporation was organized under section 3855 of the Code of Virginia, the corporation may be classified as a commission merchant under section 174 of the Tax Code, but as it already has a wholesale merchant's license for 1937, no advantage would result from taking out a commission merchant's license now for the residue of this year. A commission merchant's license may be taken out in January, 1938, for 1938, and the tax will be measured by the gross commissions.

"With best wishes, I am

"Very truly yours,

"(Signed)  C. H. MORRISSETT,

"State Tax Commissioner."

"Richmond, July 3, 1937.

"Hon. J. Vaughan Gary,
Attorney at Law,
State Planters Bank Building,
Richmond, Virginia.

"My dear Mr. Gary:

"Reference is made to our telephone conversation concerning the Richmond Food Stores, Incorporated.

"I find that the Richmond Food Stores, Incorporated, took out a State merchant's license on January 30, 1937, on a quarterly basis, measured by purchases throughout 1936, of $211,379.21. The tax for the first quarter was $77.95, plus the regular issuance fee of 50c, making a total of $78.45.

"The records indicate that a similar license for the second quarter has not been taken out. The change in

the manner of doing the business did not come about until April 28, 1937, and the corporation should have taken out a wholesale merchant's license for the second quarter at the same price which the first quarter cost. I do not think I can hold that this corporation can be given a clean bill of health for the second quarter of 1937 on the taking out of a commission merchant's license dating from about April 28, 1937. Accordingly, I am constrained to suggest that a license for the second quarter of 1937 be taken out now and that a commission merchant's license be taken out covering the last six months of 1937.

"In order to expedite this matter, the Department of Taxation will itself assess the license for the second quarter of 1937, and will advise the commissioner of the revenue of the city of Richmond to issue on application a commission merchant's license for the last six months of 1937.

"Apparently the additional assessment made by the Department of Taxation for 1936, amounting to $209.79 has not been paid. This assessment was billed on May 20, 1937. It should be paid without further delay.

"I am sending a copy of this letter to Mr. Goode.

"With best wishes, I am

"Very truly yours,
"(Signed) C. H. MORRISSETT,
"State Tax Commissioner."

cc-Mr. John C. Goode,
Commissioner of the Revenue,
Richmond, Virginia."

In conformity with the view of the State tax commissioner, the commissioner of the revenue for the city of Richmond issued to the corporation a commission merchant's license.

In *City of Richmond* v. *Drewry-Hughes Co.*, 122 Va. 178, 90 S. E. 635, 94 S. E. 989, Judge Kelly, speaking

for the court, stated the following rule which has been adhered to since its promulgation:

■■ "We think the foregoing conclusions necessarily flow from an independent view of the statutes germane to the inquiry, but if it be conceded that the question is a doubtful one, then we should give due weight to the interpretation placed upon these statutes by that branch of the executive department of the State which is specially charged with the duty of construing and effectuating their provisions. It appears that the construction we have adopted is in accord with that which has been acted upon by the State Tax Board, composed of the Governor, the Auditor of Public Accounts and the Chairman of the State Corporation Commission. Under advice from that board, more than three-fourths of the counties of the State have applied a similar construction. It is true that the rule of interpretation which permits the courts to look to the practical construction adoped by executive officers is usually applied to cases in which such construction has continued and been acquiesced in for a long period of time; but it is not to be confined to such cases. One reason for the rule is that the officers charged with the duty of carrying new laws into effect are presumed to have familiarized themselves with all the considerations pertinent to the meaning and purpose of the new law, and to have formed an independent, conscientious and competent expert opinion thereon."

It is contended by counsel for the city that the doctrine there stated does not apply, for the reason that there has been no long standing practice in this case.

■ ■ In our opinion we should apply the same rule in the case at bar. Where taxes have been imposed and collected for a period of several years, with full acquiescence upon the part of the taxing power, we see no reason to penalize the taxpayer who has done all in his power to enable him to honestly discharge his duty, on

the sole ground that a mistake has been made in his classification.

The judgment will be reversed and the cause remanded with direction to enter judgment for plaintiff in conformity with the prayer of its petition.

*Reversed.*