# Richmond

## COUNTY OF LOUDOUN v. LEONARD W. PARKER.

June 15, 1964.

Record No. 5759.

Present, All the Justices.

*Stirling M. Harrison* and *George M. Martin*, for the plaintiff in error.

*Richard E. Hill* (*Hill, diZerega & deButts*, on brief), for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

The County of Loudoun filed its motion for judgment against Leonard W. Parker, defendant, for $6,300, alleged to be due under the Trailer Camp Ordinance of the County for the operation of a trailer camp in said County from July 7, 1959, through February 1, 1961 (*sic*). It was alleged that the trailer camp was composed of at least thirty-six trailer spaces, upon which the ordinance imposed an annual license tax of $50 each.

The defendant demurred to the motion for judgment on the grounds that the ordinance was unconstitutional, was vague and indefinite, and was not authorized by Title 35, Chapter 6, Article 1.1 [§§ 35-64.1 through 35-64.6] of the Code.

By writing executed by the parties it was stipulated that only a small portion, if any, of the fees paid to the County under the ordinance is used for regulating or policing; that in adopting the ordinance no consideration was given by the Board of Supervisors to the cost of regulation in fixing the amount of the tax; that no additional personnel were employed or necessary for enforcement; that the tax collected is not deposited in a special account; that the health officials of the County visit the camps only several times a year and that the camps are seldom patrolled by the Sheriff's Department. It was also stipulated that the defendant's trailer camp is located in the Town of Leesburg, which had adopted a Trailer Camp Ordinance effective July 1, 1959.

Upon consideration of the demurrer and stipulation of facts the court entered the order appealed from which overruled the demurrer on the points that the ordinance was unconstitutional, or was invalid as being vague and indefinite or because the County was not authorized to enact it after the licensing power under § 35-64.1 of the Code had been exercised by the Town of Leesburg in said County. The order then held [on the ground that the ordinance was only regulatory] that the "fee" of $50 per trailer lot was for the purpose of regulation but did not bear any reasonable relation to the cost of regulation, and therefore the County could recover nothing on its motion for judgment.

To the latter holding the County assigned error, and the defendant assigned cross-error to the holdings that the ordinance was not in-

valid because vague and indefinite or because the County was not authorized to enact it.

The Trailer Camp Ordinance of the County recited in its opening paragraph that it was "AN ORDINANCE to regulate the location, construction and operation of Trailer Camps in Loudoun County, Virginia, for the purpose of promoting the health, safety, morals and general welfare."

It then proceeded in Article I to define the terms used in the ordinance; in Article II to provide for the issuance of permits for the operation, to limit trailer parking to trailer camps, and to set forth the requirements for all trailer camps. These requirements include adequate water supply, garbage disposal, fire extinguishing equipment and a register of the patrons.

Subsection 2-5.10 of said Article II imposed on every person operating a trailer camp in the County "an annual license tax of $50.00 for each trailer space used or held out for use within the trailer camp." Said license tax was payable on or before January 1 of each year, and any camp or space established on or before July 1 of any year was subject to a full year's tax, and after July 1 to one-half of the annual license tax for that year.

Article III of the Ordinance provided for inspection; Article IV for adoption of regulations by health officers of rules for health, sanitation and safety; Article V provided for fines for violation of the ordinance; Article VI for the effect of partial invalidity, and Article VII for the effective date of the ordinance.

This ordinance was adopted July 6, 1959, more than seven years after our decision in *County Bd. of Supervisors* v. *American Trailer Co.*, 193 Va. 72, 68 S.E.2d 115, in which we held that the Trailer Ordinance of Fairfax County, which as amended in 1948 imposed a license tax of $50 per year per trailer lot, was a regulatory ordinance and was invalid as such because the amount of the tax did not have a reasonable relation to the cost of enforcing the ordinance. In that case the county contended that Chapter 308, Acts 1946, page 518, now § 35-62 of the 1950 Code, in effect when the ordinance was amended in 1948, authorized an ordinance to raise revenue as well as to regulate trailer camps. But we held it was only a regulatory act and authorized only a regulatory ordinance, and that authority to adopt an ordinance to regulate was not authority to adopt an ordinance for general revenue purposes.

That case was decided December 3, 1951, and a few months later, at its 1952 session, the General Assembly enacted Chapter 592, Acts

1952, page 1036, which contained an emergency clause and was approved April 3, 1952. Its title is "An Act to require licenses of and to impose a trailer tax upon the operation of trailer camps and trailer parks and the parking of trailers, and to provide a penalty for violations." It contained six sections which are now §§ 35-64.1 through 35-64.6 of the Code of 1950. These sections compose Article 1.1 of Chapter 6 of Title 35 of the Code on the subject of Trailer Camps and bear the title "Licensing by Political Subdivisions" and follow Article 1 of that chapter which has the title "Regulation by Counties."

Section 1 of the 1952 Act, now § 35-64.1 of the Code, provides: "The governing body of any political subdivision in this State is authorized to levy, and to provide for the assessment and collection of, license taxes upon the operation of trailer camps and trailer parks and the parking of trailers."

It seems clear that it was the purpose of this legislation to supply what was lacking in the *Fairfax County* case, *i.e.*, legislative authority to levy license taxes for revenue purposes as distinguished from license fees for regulation purposes.

Loudoun County, a political subdivision of the State, clearly had the right to levy a revenue license tax.

We said in the *Fairfax County* case that "a license tax may be imposed both for revenue and to regulate." 193 Va. at 76, 68 S.E.2d at 119. We had said so previously in *Flax* v. *City of Richmond*, 189 Va. 273, 283, 52 S.E.2d 250, 254. And see *Wiggins Ferry Co.* v. *City of East St. Louis*, 107 U.S. 365, 2 S.Ct. 257, 27 L.ed. 419; *State* v. *Kartus*, 230 Ala. 352, 162 So. 533, 101 A.L.R. 1336; 33 Am. Jur., Licenses, § 7, p. 330.

The trial court in its written opinion recognized this principle but was of the opinion that the legislature in enacting Chapter 592, Acts 1952, authorizing political subdivisions to levy license taxes on trailer camps, did not change the rule of construction stated in *Chambers* v. *Higgins*, 169 Va. 345, 193 S.E. 531. That case involved the priority of State and City license taxes on pool tables. It was contended that a license is not a tax, but the opinion pointed out that it may be assessed as a police regulation or as a license tax and that where the fee is imposed for the purpose of regulation, and compliance with certain conditions is required in addition to the payment of a prescribed sum, such sum is a license proper, imposed by virtue of the police power; but where it is exacted solely for revenue purposes and its payment gives the right to carry on the business without any further conditions, it is a tax. The same rules are more fully

stated in *Charlottesville* v. *Marks' Shows*, 179 Va. 321, 329, 18 S.E.2d 890, 894.

However, the Loudoun County Ordinance both regulates the business and imposes a license tax upon it. It is true that its title says it is an ordinance to regulate, "[b]ut the character of such an enactment is determined not by the denomination given to it by the legislative body, but rather from its substance and its real purpose." 179 Va. at 329, 18 S.E.2d at 894. The purpose of the Loudoun County Ordinance is twofold. It regulates the operation of trailer camps and it taxes the operation of trailer camps. The regulation feature occupies more space in the ordinance because it covers more requirements. Only one paragraph is devoted to levying the tax, but it is not questioned that it is sufficient for that purpose. However, as it is stipulated, only a small portion, if any, of this tax is used to pay for regulating, and in adopting the ordinance the Board of Supervisors gave no consideration to the cost of regulation in fixing the amount of the tax, employed no additional personnel for supervision, and deposited the money in no special account.

In *County Bd. of Supervisors* v. *American Trailer Co., supra,* the Trailer Park Ordinance of Fairfax County made similar detailed requirements with respect to location, water supply, sewage disposal, and other regulations, but it also imposed a license tax of $50 per trailer per year, the same as the Loudoun County Ordinance. We held in that case that since the amount of the tax bore no relation to the cost of regulation, the ordinance must be regarded as a revenue measure, and as such was invalid because not authorized by any law then in effect.

The authority then lacking has now been supplied by the General Assembly by the Act of 1952, as above noted, and it is now within the power and authority of the county to levy such tax. And the ordinance which levies such tax on trailer camps may also contain provisions which regulate the operation of such camps, as we said in the *Fairfax County* case, *supra.* That is what the Loudoun County Ordinance does and it is a valid enactment for those two purposes.

Defendant's cross assignments of error referred to above are without substance.

He contends that the definition of a trailer in § 1-3 of the Ordinance is so vague and indefinite "that it is impossible to determine with exactness what is being regulated." That section defines a trailer as "Any vehicle used or constructed for use as a conveyance upon highways, so designed and constructed as to permit occupancy

thereof as a dwelling or sleeping place for one or more persons." It is in practically the same words as the definition in § 35-64.3 of the Code, and it seems sufficient to identify the kind of vehicle referred to. See *Fallon Florist* v. *City of Roanoke*, 190 Va. 564, 587, 58 S.E.2d 316, 327.

Defendant also argues that Loudoun County was without authority to enact a revenue license tax since the licensing power had been exercised by the Town of Leesburg, in Virginia. He says this is not a problem of double taxation but "a question of statutory construction."

The statute, § 35-64.1, *supra,* gives authority to "any political subdivision in this State" to levy license taxes on the operation of trailer camps. Defendant concedes that Loudoun County is a political subdivision (*Mann* v. *County Board*, 199 Va. 169, 173, 98 S.E.2d 515, 518), but he says the statute gives the right to "a" political subdivision but not to "any and all" political subdivisions. We are not persuaded that the statute may be so interpreted. "Any" is an indefinite word and includes "all" unless restricted, Black's Law Dict., 3d ed., p. 119; Webster's 3d New Int. Dict., p. 97.

For the reasons stated the order appealed from is affirmed with respect to its holding that the Loudoun County Ordinance is not invalid because vague and indefinite, or because the Town of Leesburg has a similar ordinance; but its holding that the ordinance is invalid as a revenue measure is reversed and the case is remanded for the entry of a judgment in favor of the plaintiff against the defendant for the amount due under the terms of said ordinance at the time of the institution of this action.

*Affirmed in part, reversed in part, and remanded.*