## Richmond

DOUGLAS JOHNSON v. COUNTY OF GOOCHLAND.

June 14, 1965.

Record No. 5983.

Present, All the Justices.

*J. Kenneth Rader*, for the plaintiff in error.

*J. Clopton Knibb*, for the defendant in error.

BUCHANAN, J., delivered the opinion of the court.

This is an appeal by Douglas Johnson, herein called defendant, from an order convicting him of violating Section XIII of the "Goochland County Individual Trailer and Trailer Camp Ordinance," and imposing on him a fine of $50.

The defendant owned a house trailer consisting of five rooms, including three bedrooms, too large to be drawn by an automobile

but movable by a truck tractor designed for the purpose. He moved the trailer over the highways and located it on a tract of approximately one acre of land belonging to his parents, situated in Goochland county about 110 feet west of State Highway No. 623. There were residences near his trailer as so placed, but no public buildings within a half mile. He lived in the trailer, which rested on cinder blocks but still had its wheels attached. He did not have running water in the trailer.

An employee of the health department of Goochland county made an inspection and issued a permit according to the provisions of the county ordinance. The commissioner of revenue of the county received notice of the issuance of the permit and wrote to the defendant that he should appear at the commissioner's office and procure the required license. The defendant later appeared and stated he did not have enough money to acquire the license. A warrant was issued against the defendant upon which he was subsequently tried and convicted as above stated.

The defendant assigns error to the overruling of his plea to the jurisdiction, his motion to quash the warrant and his demurrer to the warrant; but the controlling question presented is as to the validity and effect of said Section XIII of the ordinance.

Section XIII provides that any person desiring to locate an individual trailer outside of a trailer camp in Goochland county must first make certain that he has complied with Code § 35-64.4, which forbids locating an individual trailer in a public place, as set out below. He must then obtain a permit from the county health officer approving the sewage disposal and water supply for the trailer. He shall take the permit to the officer of the commissioner of revenue and obtain a license. Said section then provides:

"There is hereby imposed upon any owner or tenant residing in a trailer which is not located in a trailer Camp or Park and which is not assessed for and subject to real estate tax an annual license tax of $50.00 payable on the 10th day of January each year."

All persons subject to the provisions of the ordinance are required to obtain a permit and license annually, and on failure of the owner or operator of a trailer camp or of an individual trailer to purchase the required license within thirty days after January 10 of each year, or within thirty days after the permit has been issued, the commissioner of revenue is required to obtain a warrant charging the violation.

Violation of the ordinance is made a misdemeanor, punishable by a fine of from $50 to $300 for each offense, and each day of violation is made a separate offense.

The other sections of the ordinance define, for the purposes of the ordinance, a trailer, a trailer lot and a trailer park or trailer camp. A trailer lot is defined as "A unit of land fully equipped, as hereinafter required, occupied or intended to be occupied by one trailer." A trailer park or camp is defined as a tract of land of twenty acres or less upon which is located two or more trailers "or which is held out for the location of two or more trailers, and equipped as hereinafter required." The ordinance then makes provisions for inspection, general layout, plumbing and water supply and other details, and for permits and licenses with respect to the business of operating a trailer camp or park.

■ The defendant contends that the board of supervisors had no power or authority to enact Section XIII of the ordinance imposing a license tax of $50 on individual trailers located on private property.

The powers of boards of supervisors are fixed by statute and are only such as are conferred expressly or by necessary implication. *Old* v. *Commonwealth*, 148 Va. 299, 303, 138 S.E. 485, 486; *Board of Supervisors* v. *Bazile*, 195 Va. 739, 750, 80 S.E.2d 566, 574; Const. of Va., § 65.

The county asserts that authority to enact Section XIII is given by § 15.1-510 of the Code, as well as by §§ 35-64.1 *ff.*, comprising Article 1.1 of Chapter 6, Title 35 of the Code, enacted by Chapter 592 of Acts 1952.

Section 15.1-510 of the Code relates to the general powers of counties and provides that any county "may adopt such measures as it may deem expedient to secure and promote the health, safety and general welfare of the inhabitants of such county, not inconsistent with the general laws of this State. * *" The same language was in § 15-8 of the 1950 Code when *County Bd. of Supervisors* v. *American Trailer Co.*, 193 Va. 72, 68 S.E.2d 115, was decided in December of 1951. That case involved the trailer ordinance of Fairfax county which imposed a license tax of $50 per year on each trailer lot as therein defined. We held that the ordinance was only a regulatory ordinance and was invalid as such because the amount of the tax did not have a reasonable relation to the cost of enforcing the ordinance.

■ If the county of Goochland was authorized by statute to impose a revenue license tax on individual trailers outside of a

trailer camp, as done by Section XIII of its ordinance, the authority must be found in Article 1.1 of Chapter 6 of Title 35 of the Code, enacted by Acts 1952, Chapter 592.

In *County of Loudoun* v. *Parker*, 205 Va. 357, 136 S.E.2d 805, we said that obviously Chapter 592 of the 1952 Acts, now §§ 35-64.1 through 35-64.6 of the Code, was enacted to supply what was lacking in the Fairfax county ordinance, *i.e.*, legislative authority to levy license taxes for revenue purposes as well as for regulation purposes; and that an ordinance which levies a tax on trailer camps for revenue purposes may also contain provisions to regulate the operation of trailer camps. We said that was what the Loudoun county ordinance did and that "it is a valid enactment for those two purposes."

Section 35-64.1, in said Article 1.1, provides:

"The governing body of any political subdivision in this State is authorized to levy, and to provide for the assessment and collection of, license taxes upon the operation of trailer camps and trailer parks *and the parking of trailers.*" (Emphasis added)

Section 35-64.2 makes it unlawful to operate a trailer camp or park without a license.

Section 35-64.3 says that a trailer park or trailer camp shall mean "any site, lot, field or tract of land upon which is located one or more trailers, or is held out for the location of any trailer, and shall include any building, structure, tent, vehicle or enclosure used or intended for use as a part of the equipment for such park."

Section 35-64.4 provides:

"Whenever a license is required by ordinance it shall be unlawful * * for any person to park any trailer on any street, alley, highway or other public place * * except in a trailer park for which the operator thereof has obtained a license in accordance with the provisions of this article, except, however, that one trailer may be parked or stored in an improved enclosed garage or accessory building, or on any lot or plot of land, provided, however, that no living quarters shall be maintained or any business practiced while such trailer is so parked or stored. * *"

Section 35-64.5 authorizes the county to impose an annual license "on the operator or owner of any such trailer park or trailer camp." The section is as follows:

"Nothing in this article shall be construed as exempting any trailer park or trailer camp operator from the payment of any license or

tax imposed by existing law,* and the governing body of any such political subdivision is hereby authorized to impose an annual license on the operator or owner of any such trailer park or trailer camp of not less than five dollars nor more than fifty dollars per trailer lot used or intended to be used as such, the license so imposed by the governing body on such trailer park or trailer park operators to be uniform in its application, and the amount thereof to be fixed by an ordinance duly adopted by said governing body."

Section 35-64.6 provides that the violation of any of these Code provisions, or of any ordinance, is a misdemeanor, punishable by a fine of $50 to $500 for each offense.

It is obvious that these Code sections deal only with trailer camps and trailer parks. Nowhere is there any authority given to a county to impose a license tax on an individual trailer outside of a trailer camp, as is done in Section XIII of the Goochland ordinance. It is true that § 35-64.1, quoted above, gives the county authority to levy license taxes "upon the operation of trailer camps and trailer parks and the parking of trailers," but when all of the sections in Article 1.1 are considered together, it is clear that they deal only with trailer camps or trailer parks and that the emphasis in § 35-64.1 must be on the word "operation," i.e., the operation of trailer parks and camps and parking of trailers. In that view, the phrase "the parking of trailers" has reference to the provisions of § 35-64.4, above quoted, which deals with the parking of trailers when a trailer camp or trailer park ordinance has been adopted. Certainly it is plain that § 35-64.5 gives authority to impose a license tax only on an operator or owner of a trailer camp or trailer park.

We conclude that the statutes as written do not give authority to impose upon the defendant the license tax assessed against him under

---

* At the time of the passage of the 1952 Act, § 58-829 of the Code, relating to the classification of tangible personal property for local taxation, included in paragraph (5): "The aggregate number and value of all automobiles, motor trucks, motorcycles and all other motor vehicles." That section was amended by Acts 1960, Chapter 418, by adding after the words "motor vehicles" in said paragraph (5) this exception: "except any vehicle without motive power used or designed to be used as a mobile home or office or for other means of habitation by any person." By the same Act of 1960 there was added to the Code § 58-829.3, providing that "All vehicles without motive power, used or designed to be used as mobile homes or offices or for other means of habitation by any person are hereby defined as separate items of taxation and shall constitute a classification for local taxation separate from other such classifications on tangible personal property provided in this chapter; provided, however, that the rate of assessment and the rate of tax shall not exceed that applicable to other classes of tangible personal property."

Section XIII of the Goochland county ordinance, and that his conviction for failing to secure such license is erroneous.

The judgment appealed from is therefore reversed, the warrant is dismissed and final judgment will be entered here for the defendant.

*Reversed and final judgment.*