# Richmond

## The Board of Supervisors of Henrico County v. A. Q. Corbett, Director, Etc.

June 14, 1965.

Record No. 6107.

Present, All the Justices.

*William F. Parkerson, Jr.*, and *Paul M. Shuford* (*H. Ratcliffe Turner*, on brief), for the petitioner.

*Walter E. Rogers* (*Williams, Mullen & Christian*, on brief), for the respondent.

Spratley, J., delivered the opinion of the court.

■ The real issue in this case is whether the Board of Supervisors of Henrico County, by virtue of Code, § 15.1-522, 1964 Repl. Vol., possesses the power to levy taxes and assessments as specified in Code, § 15.1-841, 1964 Repl. Vol., and thus have the power to enact a retail sales and use tax ordinance.

Code, § 15.1-522 reads as follows:

"Powers of boards· of certain counties.—The board of supervisors of counties:

"(1) Adjoining and abutting any city, within or without this State, having a population of one hundred and twenty-five thousand or more,

"(2) Adjoining any county which adjoins and abuts any such city and has a density of population of five hundred or more to the square mile,

"(3) * * *

"(4) * * *

"Are hereby vested with the same powers and authority as the councils of cities and towns by virtue of the Constitution of the State of Virginia or the Acts of the General Assembly passed in pursuance thereof; * * * (Code 1950, § 15-10; 1950 p. 113; 1958, c. 190; 1962, c. 623)."

Code, § 15.1-841, in Chapter 18, Title 15.1, as amended, reads as follows:

"Taxes and assessments.—A municipal corporation may raise annually by taxes and assessments on property, persons and other subjects of taxation, which are not prohibited by law, such sums of money as in the judgment of the municipal corporation are necessary to pay the debts, defray the expenses, accomplish the purposes and perform the functions of the municipal corporation, in such manner as the municipal corporation deems necessary or expedient. (Code 1950 (Suppl.), § 15-77.5; 1958, c. 328; 1962, c. 623)."

Henrico county has a population, according to the U. S. census of 1960, of 117,339 and a land area of 232 square miles. The population density of the county is in excess of 500 persons to the square mile. It adjoins the city of Richmond, which city has a population, according to the same census, of 219,958. As is the case with numerous other areas in Virginia, the population of the county has greatly increased during the past few years, and this increase has created many problems of an economic and public nature, including the need of additional revenue to defray administerial and governmental purposes.

On March 17, 1965, the Board of Supervisors of Henrico County adopted an ordinance entitled "The County of Henrico, Virginia, Retail Sales and Use Tax Ordinance." In addition to imposing a privilege tax upon specified sales and uses, it imposed certain administerial duties upon A. Q. Corbett, Director of Finance of Henrico County, relating to the design and furnishing of certain forms required under the ordinance, which Corbett refused to perform on the ground "that the County of Henrico is without legal authority to enact a sales and use tax at this time."

The Board of Supervisors invoking the original jurisdiction of this Court, filed its petition against A. Q. Corbett, Director of Finance of Henrico County, praying for a writ of mandamus directing and compelling him to forthwith comply with the ministerial duties imposed upon him by the tax ordinance, and to pay, in his official capacity, an invoice rendered for the cost of printing forms required under the ordinance and authorized to be printed by a county purchase order.

Petitioner contends that Chapter 18 of Title 15.1, §§ 15.1-837 to 15.1-915, 1964 Repl. Vol. (Chapter 328, Acts 1958) is a general grant of power to all cities and towns to levy taxes in the manner specified by § 15.1-841, and that since the county of Henrico comes within the classification of counties listed in § 15.1-522, it is empowered to enact a retail sales and use tax ordinance. The respondent, Corbett, denies that there is any legislative authority granting such power to petitioner. He says (1) that § 15.1-522 confers on counties included in the classification therein enumerated only those powers that are conferred by general law on the councils of all cities and towns of the Commonwealth; and (2) that § 15.1-841 is not a general grant of power to all cities and towns to levy taxes and assessments, in that it only prescribes the manner and method by which that power may be obtained by them.

It is agreed between the parties that: (1) the General Assembly has the power to classify counties; (2) that § 15.1-522 of the Code is a valid exercise of the power of the General Assembly to classify counties and to confer upon them the same powers which it has conferred generally upon cities and towns. *Gandy v. Elizabeth City County*, 179 Va. 340, 19 S. E. 2d 97; *Bray v. County Board*, 195 Va. 31, 77 S. E. 2d 479; *Kilgour v. Board of Supervisors*, 195 Va. 562, 79 S. E. 2d 601; (3) that Henrico county comes within the provisions of subsections (1) and (2) of § 15.1-522; (4) that the

General Assembly may confer such powers of local and special legislation upon counties, cities and towns as it may deem expedient. (§ 65, Constitution of Virginia); and (5) that the General Assembly has not segregated to the State the power to levy an excise tax.

We have been favored with strong briefs and able arguments by counsel for each of the parties. Petitioner says in its brief that "It need not rely upon specific charter powers granted cities and towns by the General Assembly under the authority of Section 117 of the Constitution for the reason that the authority conferred by the General Assembly upon cities and towns by Chapter 328 of the Acts of 1958 (Code, §§ 15.1-837 to 15.1-915, inclusive) is basically a general law enacted * * *, and conferring, *inter alia*, excise tax powers upon all cities and incorporated towns in Virginia."

However, petitioner does not expressly concede that the powers conferred upon certain counties by § 15.1-522 are only those conferred upon all cities and towns by general law. It does say that, "candor requires the statement that heretofore it has been the generally accepted view that the municipal powers conferred upon certain urban counties, by virtue of § 15.1-522, formerly § 15-10, Code 1950, were those of the general type and not those enjoyed by a municipality solely by virtue of its own unique charter."

It seems to us that the foregoing concession is required by the very language of § 15.1-522, and the construction heretofore placed upon the section. The phrase in that section reading, "the same powers and authority as *the* councils of cities and towns, (Emphasis added) is plural and connotes or implies the inclusion of all cities and towns. It does not say "as the council of any city or town," or "as the council of" a specifically named city or town, or cities and towns.

It is hardly probable that the General Assembly intended to vest the board of supervisors of counties within the coverage of § 15.1-522, such as Henrico county, or Charles City County, the latter of small population, with the same powers vested in the councils of the cities of Richmond and Norfolk, each with a population exceeding 200,000 persons, and each charged with a multiplicity of problems, ministerial, administrative, executive and governmental; nor with such special powers as were granted to the cities of Danville, Bristol and Alexandria, because of their peculiar location and the activities of their residents. The phrase, "as the councils of cities and towns," must mean such powers as are granted by general law to all of the councils of all cities and towns.

It is worthy of note that this is the judicial, administrative and legislative interpretation, which has been placed upon § 15-10 and its successor, § 15.1-522.

*Smith* v. *Kelley*, (1934) 162 Va. 645, 174 S. E. 842, is not directly in point here; but it is informative. In that case the court dealt with a proviso of § 2773 (19), Code of 1930, giving a board of supervisors of a county adopting the county management form of government "all the powers conferred by general law on city councils." Arlington had adopted the county management plan, which plan provided that the circuit judge should fill any vacancies in the membership of the county board of supervisors. By general law, city councils were granted power to fill vacancies in their own membership. Two vacancies occurred on the county board and the circuit court promptly filled them. The county board also appointed two men to fill the same vacancies, contending that it had the power to do so by virtue of Code, § 2773 (19). The nominees of the circuit court thereupon applied to this Court for a writ of mandamus against the nominees of the board, directing them to abstain from performing duties as members of the board. We held that the petitioners were entitled to the office, and the writ was issued.

In determining the issue, under the peculiar circumstances there arising, the Court pointed out that the "peculiar and dragnet language" of § 2773 (19) had never been construed as giving to boards of supervisors of the counties, to which the statute applied, the power to fill vacancies in their own membership, and that for many years throughout the State, vacancies in the governing boards of counties had been filled by circuit court judges under general law, that is, by the same method specifically granted in Arlington's form of government.

The Court further pointed out the fundamental distinctions between the governments of cities and towns and those of county organizations. Quoting from the authorities, it said:

" 'In determining the meaning of a statute, it will be presumed, in the absence of words therein, specifically indicating the contrary, that the legislature did not intend to innovate upon, unsettle, disregard, alter, violate, repeal or limit a general statute or system of statutory provisions, the entire subject matter of which is not directly or necessarily involved in the act.' " (Cases cited.) 162 Va., *supra*, page 651.

" '* * * (T)he practical construction given to a statute by public officials, and acted upon by the people, is not only to be considered,

but, in cases of doubt, will be regarded as decisive. It is allowed the same effect as a course of judicial decision. * * *' " 162 Va., *supra*, page 652. *Smith* v. *Bryan*, 100 Va. 199, 204, 40 S. E. 652; *Richmond Food Stores* v. *Richmond*, 177 Va. 592, 15 S. E. 2d 328.

On February 9, 1960, the present Governor of Virginia, then Attorney General of the Commonwealth, in an opinion rendered to the Executive Secretary of the Board of Supervisors of Princess Anne County, expressly ruled that § 15-10, forerunner of § 15.1-522, did not vest in the Board of Supervisors of Princess Anne County the powers of taxation granted to the City of Norfolk in its charter. [Report of the Attorney General, 1959-60, page 107]. In the letter, the Attorney General referred to *Smith* v. *Kelley*, *supra*, 162 Va., and to *Fallon Florist* v. *City of Roanoke*, 190 Va. 564, 58 S. E. 2d 316, where we held that by virtue of the general power of taxation conferred upon the City of Roanoke by the provisions of its charter, it had the power to levy an excise tax.

Again, on April 6, 1961, Attorney General Harrison advised the Commonwealth's Attorney of Henrico County that he had been "unable to discover any provision of Virginia law which purports to authorize the County of Henrico to impose a local sales tax," and he, the Attorney General, was of the opinion that the question should be answered in the negative. [Reports of the Attorney General, 1960-61, page 319]. In former Reports of the Attorney General, it has been consistently and repeatedly held that certain counties classified in § 15.1-522 are vested only with the same powers conferred upon all cities and towns by general law. [Reports of the Attorney General, 1948-49, page 51, 1947-48, page 7 and 1959-60, page 13].

There have been three regular sessions of the General Assembly since 1960, and two regular sessions since 1961; and no legislation has been adopted at variance with *Smith* v. *Kelley*, *supra*, 162 Va., or the opinions of the Attorney General.

■ This brings us to a consideration of the purpose, operation and effect of Chapter 18, Title 15.1, §§ 15.1-837 to 15.1-915, as amended, Repl. Vol. 1964, Code. The Chapter had its origin in House Joint Resolution No. 42, adopted by the General Assembly in 1956, Acts 1956, page 1204, and in the enactment of Chapter 328, Acts 1958. The Joint Resolution directed the Virginia Advisory Legislative Council [V. A. L. C.] to investigate and report to the General Assembly as to the advisability of providing uniform charter provisions for all cities and towns. The Council [V. A. L. C.]

reported that its principal problem was in endeavoring to reduce the volume of special and local legislation for cities and towns, which had consumed so much of the time of the General Assembly at each of its sessions. (House Document No. 29, 1958) Suggestions for providing uniform charters, and for enactment of general legislation granting broader powers to cities and towns, were rejected for reasons stated in the report. However, the V. A. L. C. recommended that the General Assembly enact legislation providing a uniform procedure whereby cities and towns desiring to have certain powers conferred upon them by the General Assembly might obtain such powers. Attached to the report were copies of two proposed bills. One bill proposed "procedures for use by municipal corporations in seeking a new charter, or an amendment to an existing charter, and requiring the use of one of the two procedures provided." The second, in its title, stated that it was for the purpose of "providing powers for certain municipal corporations, *and providing the procedure for requesting the General Assembly to confer such powers on such municipal corporations.*" (Emphasis added.)

Chapter 18 of Title 15.1 combines and embraces the recommended provisions set out in the two bills proposed by the Virginia Advisory Legislative Council. It does not confer any single power upon any city or town; but sets forth the form and procedure by which such municipalities, desiring the grant of "the powers provided for municipal corporations by this chapter," may apply to the General Assembly to have such powers conferred on them. Sections 15.1-910, 15.1-911, 15.1-913 and 15.1-914. Grant of the power requested is wholly dependent upon subsequent action of the General Assembly. Thus, not a single power listed in § 15.1-841 is conferred upon any city or town until its request therefor has been favorably acted upon by the General Assembly.

It seems clear from the history of Chapter 18, Title 15.1, and the language and provisions of the sections of that chapter that the General Assembly following the recommendation of the Virginia Advisory Legislative Council merely intended "to set up new provisions of law which municipalities might seek to have conferred upon them by act of the General Assembly setting forth a brief reference to the power sought."*

Section 15.1-913 provides that: "Whenever a new charter is granted to a municipal corporation, *the powers provided for municipal cor-*

---

* 1958 Report of the Virginia Advisory Legislative Council to the Governor and General Assembly of Virginia.

*porations by this chapter* or such of them as the municipal corpora-
tion *desires to exercise* shall be incorporated in the new charter only
by reference to the numbers of the sections of this chapter." (Em-
phasis added.)

Section 15.1-914 provides that: "Whenever an existing charter of
a municipal corporation is amended, either by a change in or modi-
fication of a power similar or related to a power provided for
municipal corporations by this chapter, or by granting any such
power to the municipal corporations, * * * shall * * *, after setting
forth the title and enacting clause of the act granting the power
sought, * * *" incorporate in the amendment granting the power
"the section number or numbers of Chapter 18 of Title 15.1 of the
Code of Virginia" as then in force.

"The powers of the Boards of Supervisors are fixed by statute
and are only such as are conferred expressly or by necessary implica-
tion." *Board of Supervisors* v. *Bazile*, 195 Va. 739, 750, 80 S. E. 2d
566, 574; *Old* v. *Commonwealth*, 148 Va. 299, 303, 138 S. E. 485,
486; *Supervisors* v. *Powell*, 95 Va. 635, 637, 29 S. E. 682, 683;
*Douglas Johnson* v. *County of Goochland*, 206 Va. 235, 142 S. E.
2d 501 (this day decided); Constitution of Virginia, § 65.

Chapter 18, Title 15.1, does not of itself grant powers to cities
and towns generally. It is expressly provided in § 15.1-838 that:
"*A municipal corporation shall have* and may exercise any or *all
powers set forth in this chapter when such powers are specifically
conferred upon the municipal corporation as provided in or pursuant
to the provisions of this chapter.*" (Emphasis added.)

The Board of Supervisors of Henrico County, therefore, cannot
rely upon § 15.1-841 as a general grant of power to such municipali-
ties. Consequently, the said Board does not, by virtue of § 15.1-522,
possess either the power to levy taxes and assessments as specified
in § 15.1-841, or to enact a retail sales and use tax ordinance. The
ordinance involved, being a nullity, imposes no duties upon the de-
fendant, A. Q. Corbett, Director of Finance of Henrico County.

The petition for mandamus is denied.

*Denied.*