JUSTICE HASSELL,
with whom CHIEF JUSTICE CARRICO and
SENIOR JUSTICE COMPTON join, dissenting in part, and concurring in judgment.
I.
I dissent because the majority ignores the fundamental issue raised in this appeal: Does Arlington County have the legal authority to recognize common law marriages or “same-sex unions” by conferring certain health insurance benefits upon domestic partners of County employees who are engaged in these relationships? Even though a review of the briefs and record filed in this appeal demonstrates that this question is the primary issue raised in this appeal, the majority decides this case on another legal basis. Arlington County, the appellant, agreed in its brief that “[t]he central question in this *717 case is whether Arlington County’s action of including its employees’ domestic partners as dependents in the County’s self-funded health benefits plan violates Dillon’s Rule.”
I respectfully disagree with the majority’s decision to ignore the central issue raised in this appeal. This Court has a duty, as well as an obligation, to decide issues of great importance to the citizens of this Commonwealth when, as here, those issues are properly presented to this Court.
n.
Arlington County implemented a self-funded health benefits plan for its employees. Pursuant to the plan, effective July 1, 1997, County employees were permitted to “add one adult dependent to their health and/or dental policy.” The County stated, in its Employee Relations Benefits Newsletter that:
“The adult dependent may be:
“a. The employee’s legal spouse;
“- or -
“b. The domestic partner of the employee who:
“- has resided with the employee for a 1 year period;
“- shares with the employee the common necessities of life and basic living expenses;
“- is financially interdependent with the employee;
“-is involved with the employee in a mutually exclusive relationship of support and commitment;
“-is not related by blood to the employee;
“- is not married to anyone;
“- was mentally competent at time of consent to relationship; “- is 18 years of age or older.
“- or -
“c. Other adult dependent who meets the IRS definition of dependent and whom the employee claims as a dependent on his/her federal income tax return.”
The County made the following stipulations of fact in the circuit court:
“An employee who applies for health insurance benefits coverage must complete a form to certify the eligibility of any dependents for whom coverage is requested. An employee applying for domestic partner coverage must certify that the employee and the domestic partner meet the criteria estab *718 lished by the County. Arlington County may require documentation to support eligibility for coverage. Any employee who provides false information is subject to disciplinary action and appropriate legal action.”
Andrew White, Diana White, and Wendell Brown, residents and taxpayers of Arlington County, initiated this proceeding by filing a bill of complaint in the circuit court challenging the County’s authority to confer health insurance benefits upon “unmarried domestic partners of its employees.” They sought a declaration that the County lacked the statutory or constitutional authority to grant health insurance benefits to the unmarried domestic partners, and that Arlington County’s policy of extending health insurance benefits to the unmarried domestic partners of Arlington County employees violates state public policy favoring marriage of two adults over the unmarried cohabitation of two adults. The taxpayers sought to enjoin the County from granting health insurance benefits to the domestic partners of its employees or from expending any tax money on the health insurance benefits for domestic partners of Arlington County employees.
The primary issue that the taxpayers raised in the circuit court was that the County had violated the Dillon Rule because the General Assembly had not conferred upon the County the power to grant health insurance benefits to domestic partners of County employees. The circuit court entered a judgment in favor of the taxpayers which states in relevant part that “Arlington County’s coverage for domestic partners in its self-funded health benefit plan for County employees violates the Dillon Rule.” The circuit court, however, did not articulate the precise reasons it relied upon in reaching its conclusion.
On appeal, the County argues that the circuit court erred because the County’s health insurance coverage for its employees’ domestic partners in its self-funded benefit plan does not violate the Dillon Rule. The County also argues that it has authority to determine which dependents are eligible for coverage and that its decision to include domestic partners of County employees as dependents in the County’s self-funded health benefits plan must be approved as long as the County’s action is reasonable.
We stated in City of Chesapeake v. Gardner Enterprises, 253 Va. 243, 246, 482 S.E.2d 812, 814 (1997), that
*719 “[t]he Dillon Rule of strict construction controls our determination of the powers of local governing bodies. This rule provides that municipal corporations have only those powers that are expressly granted, those necessarily or fairly implied from expressly granted powers, and those that are essential and indispensable. Ticonderoga Farms v. County of Loudoun, 242 Va. 170, 173-74, 409 S.E.2d 446, 448 (1991); City of Richmond v. Confrere Club of Richmond, 239 Va. 77, 79, 387 S.E.2d 471, 473 (1990).”
Accord Board of Supervisors v. Countryside Inv. Co., 258 Va. 497, 503, 522 S.E.2d 610, 612-13 (1999); City of Virginia Beach v. Hay, 258 Va. 217, 221, 518 S.E.2d 314, 316 (1999). We specifically discussed the application of the Dillon Rule to counties in Board of Supervisors v. Horne, 216 Va. 113, 117, 215 S.E.2d 453, 455-56 (1975):
“In Virginia the powers of boards of supervisors are fixed by statute and are limited to those conferred expressly or by necessary implication. Gordon v. Fairfax County, 207 Va. 827, 832, 153 S.E.2d 270, 274 (1967); Johnson v. Goochland County, 206 Va. 235, 237, 142 S.E.2d 501, 502 (1965). This rule is a corollary to Dillon’s Rule that municipal corporations have only those powers expressly granted, those necessarily or fairly implied therefrom, and those that are essential and indispensable. City of Richmond v. County Board, 199 Va. 679, 684-85, 101 S.E.2d 641, 644-45 (1958).”
Code § 15.2-1517(A), which permits a locality to provide health insurance programs, states in relevant part that “[a]ny locality may provide ... health insurance programs for their officers and employees ... through a program of self-insurance.” Code § 51.1-801 provides in relevant part that a “local governing body may, through self-funding ... provide ... sickness insurance coverage for officers and employees ... and their dependents.” The General Assembly, however, did not define the word “dependents.” The County argues that the “appropriate inquiry is whether [its] decision to include domestic partners as dependents in its plan is a reasonable method of implementing its authority.”
We have stated the following principles that we must apply when ascertaining whether a power may be implied from a statutory grant to a county:
*720 “In questions of implied power, the answer is to be found in legislative intent. To imply a particular power from a power expressly granted, it must be found that the legislature intended that the grant of the express also would confer the implied.
“In determining legislative intent, the rule is clear that where a power is conferred and the mode of its execution is specified, no other method may be selected; any other means would be contrary to legislative intent and, therefore, unreasonable. A necessary corollary is that where a grant of power is silent upon its mode of execution, a method of exercise clearly contrary to legislative intent, or inappropriate to the ends sought to be accomplished by the grant, also would be unreasonable.
“Consistent with the necessity to uphold legislative intent, the doctrine of implied powers should never be applied to create a power that does not exist or to expand an existing power beyond rational limits. Always, the test in application of the doctrine is reasonableness, in which concern for what is necessary to promote the public interest is a key element.”
Commonwealth v. Arlington County Board, 217 Va. 558, 577, 232 S.E.2d 30, 42 (1977) (citations omitted); accord Tidewater Ass’n of Homebuilders, Inc. v. City of Virginia Beach, 241 Va. 114, 119, 400 S.E.2d 523, 526 (1991).
The County’s expanded definition of the word “dependents” clearly and unequivocally violates the Dillon Rule. This definition is an unreasonable method of implementing the power granted to the County under Code §§ 15.2-1517(A) and 51.1-801. The County’s expanded definition of eligible dependents is nothing more than a disguised effort to confer health benefits upon persons who are involved in either common law marriages or “same-sex unions,” which are not recognized in this Commonwealth and are violative of the public policy of this Commonwealth. The General Assembly, by enacting Code § 20-45.2, expressly prohibited marriage between persons of the same sex. This Code provision states in relevant part that “[a] marriage between persons of the same sex is prohibited.” Also, we have held that Virginia does not recognize common law marriages. Murphy v. Holland, 237 Va. 212, 219-220, 377 S.E.2d 363, 367-68 (1989).
*721 Furthermore, and just as important, the County’s expanded definition of dependents is inappropriate because it permits the County to legislate in the area of domestic relations, a prerogative that lies within the exclusive domain of the General Assembly of this Commonwealth. See Cramer v. Commonwealth, 214 Va. 561, 564-65, 202 S.E.2d 911, 914, cert. denied, 419 U.S. 875 (1974). The General Assembly, not a county, is entrusted with the responsibility of recognizing and defining marital relationships.
Certainly, the General Assembly did not intend, by its enactment of Code §§ 15.2-1517(A) and 51.1-801, to grant counties, like Arlington, the power to recognize common law marriages or “same-sex unions.” Even a cursory review of Arlington County’s eligibility criteria demonstrates that Arlington County seeks to recognize such relationships because the criteria require that the employee, who seeks to add a non-employee as a dependent in the County’s health plan, certify that the employee has resided with his or her domestic partner for a period of one year, “not [be] married to anyone,” “[share] with the employee the common necessities of life and basic living expenses,” “[be] financially interdependent with the employee,” “not [be] related by blood to the employee,” and “[be] involved with the employee in a mutually exclusive relationship of support and commitment.” There can be no question or doubt that Arlington County seeks to recognize, tacitly, relationships that are violative of the public policy of this Commonwealth.
The County states, in a footnote in its reply brief filed in this Court, that “Virginians] state tax law permits one member of an unmarried couple living together to claim the other as a dependent for individual tax return purposes.” The County relies upon an Attorney General’s opinion as authority for this proposition. See 1985-1986 Att’y. Gen. 278, 279. Continuing, the County says that “if state tax law permits this, then it does not contravene state public policy for the County to provide health benefits to an employee’s domestic partner.” The County’s contention is neither persuasive nor meritorious. The General Assembly did not, in the State’s taxation statutes, alter Virginia’s public policy prohibition against common law marriages or “same-sex unions.” Moreover, the state taxation statutes do not confer upon a county in this Commonwealth the authority to recognize, tacitly, common law marriages or “same-sex unions.”
The majority holds that Arlington County’s decision to provide health benefits to domestic partners of County employees violates the Dillon Rule only because the County’s health benefits plan requires *722 that the domestic partner be “financially interdependent with the employee.” As I have already stated, the majority’s opinion ignores the central issue in this appeal. The majority’s decision to do so is troublesome because if the Arlington County Board of Supervisors deletes from its health benefits plan the provision that the majority finds offensive, and implements a health benefits plan that confers benefits upon partners of County employees who are involved in common law marriages or “same-sex unions,” the taxpayers will be compelled to file another lawsuit to challenge the legality of the County’s actions.
I think that a purpose of the appellate process is to render decisions that will adjudicate the primary principles of an appeal, thereby ending the litigation when possible. Unfortunately, because the majority has chosen to ignore the primary issue in this appeal, the taxpayers and the County may incur additional legal fees to relitigate an issue that is already before the Court. The majority’s decision to ignore this issue may also result in a waste of judicial resources because, presumably, the circuit court and this Court will confront this issue again. For these reasons, I cannot join in the opinion of the majority.