Christian, J.,
delivered the opinion of the court.
The petition in this case is filed by John Milliner, the administrator de bonis non of Robert Milliner, deceased, invoking the original jurisdiction of this court by way of its writ of mandamus, to compel Randolph Harrison, Esq., the register of the land office, to issue and deliver to petitioner certain land warrants.
The petition alleges that on the 7th December, 1830, an order was entered on the executive journal of Virginia, by the governor and council, allowing land bounty to Robert Milliner as a lieutenant in the Virginia navy; that the amount so allotted and granted was four thousand acres of land; that said order of allowance was sent to the register of the Virginia land office, and entered on the records of that office; and that thereupon certain warrants were issued by the state of Virginia, to the infant heirs of said Robert Milliner, deceased, and duly delivered to their (the infants’) attorney and agent.
It is further alleged that subsequently, without any lawful authority, these warrants were returned to said land office, where they now remain uncancelled; that the heirs of Robert Milliner, deceased, whose ancestors were infants when these occurrences took place, were not aware, until within a very recent period, of their rights and interests in the premises; that they are very poor and ignorant; that petitioner represents all the heirs of Robert Milliner, who are very numerous; and that he is the proper party to whom these warrants should be delivered; that he has applied to the register of the land office for these warrants, who admits the justice of petitioner’s claim, and his right to receive these warrants, but declines to deliver them un *424 less under an order of court; he regarding himself as a ministerial officer, and desiring to be protected by such order.
The petitioner then prays for a rule upon said register • of the land office, to show cause why a writ of mandamus should not be issued by this court commanding him to deliver said land warrants to petitioner.
There is filed with this petition a paper marked “ Ex. A.” in these words:
“ In Council, 7th December, 1830.
“ It is advised that Robert Milliner be allowed land bounty as a lieutenant in the Virginia state navy for services during the war.
(Signed) “John Floyd.
“Attest, J. PL. Pleasants.”
Appended to this paper is a certificate from S. IT. Boy-kin, former register of the land office, that “ the foregoing is a true copy from the records.”
This is the only evidence produced by the petitioner in support of his claim.
A rule was awarded upon this petition, against Col. Randolph Harrison, register of the land office, to show cause why a writ of mandamus should not 'be awarded by this court, commanding him to deliver to the petitioner the land warrants described in said petition.
To this rule the register of the land office filed his answer.
In that answer, while he admits that the order filed with the petition is upon the records of his office, and that there is no order revoking and annulling the order of December 7th, 1830, to be found upon the executive journal, and that the warrants still remain in his office uncancelled,, he further avers that the register of the land office was notified by the secretary of the commonwealth, that such *425 an order was directed to be entered, and that in consequenee of such notification said warrants were returned to the register, and have remained in the office ever a period of nearly forty years. That under these circumstances, and under the advice of the Attorney-General, he has declined to deliver said warrants to the petitioner. That he is willing to do whatever his duty and the law requires him to do.
He produces, to be read with his answer, a copy taken from the files of the land office, the following letter, written by the late General William H. Richardson, bearing date September 25th, 1833, at which time he was secretary of the commonwealth. That letter is addressed to Wm. Selden, Esq., register of the land office, and is in these word:
“ Executive Department,
“25th September, 1833.
“ I am instructed by the governor to transmit to the register of the land office the enclosed warrants, which were issued to the heirs of Robert Milliner, pursuant to an order of the executive of the 7th December, 1830, for the land bounty of a lieutenant in the state navy, and to inform the register that the order allowing the claim of the heirs of the said Rob. Milliner has been subsequently rescinded, and "the claim rejected upon evidence filed in this department that the said Milliner was not entitled to land bounty. The warrants are returned to the land office at the request of the gentleman who represented the heirs, with the view, as the governor is informed, to an application on his part to have the tax refunded.
(Signed) “'Wm. H. Richardson,
“ Secretary of the Commonwealth
The case is submitted to this court upon this petition and exhibit filed therewith, and the answer of the register of the land office, with the letter of Gen. Richardson, late secretary *426 of the commonwealth, produced by the respondent to be read with his answer. This is the whole record presented to ■us; and upon this record, the original and extraordinary jurisdiction of this court, by way of mandamus, is invoked to compel the register of the land office to deliver these warrants to the petitioner, which had been returned to his office nearly forty years ago, upon notification by thesecretary of the commonwealth that the order upon which they were issued had been rescinded, and the claim rejected, upon evidence filed in the executive department. The court is of opinion that the rule must be discharged.
The writ of mandamus only issues where there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy. The right •which it is sought to protect must, therefore, be clearly established and the writ is never granted in a doubtful case. Where the law enjoins upon a public officer the performance of a specific act or duty, obedience to the law may, in the absence of other adequate remedy, be enforced by mandamus.
But to warrant the court in granting this writ against a public officer, such a state of facts must be presented as to show that the petitioner has a clear right to the performance of the thing demanded, and that a corresponding duty rests upon the officer to perform that particular thing. See Tyler, sergeant, v. Taylor, auditor, 29 Gratt. 765, and cases there cited. See also opinion of Judge Burks in Page v. Clopton, judge, 30 Gratt. 415.
Applying these principles to the case before us, it is plain that the record pi’esents no case for the exercise of the original and extraordinary jurisdiction of this court by way of mandamus. On the contrary, the public officer whom we are asked to compel a performance of his duty, we think, discharged his duty in refusing to deliver the land warrants in the petition mentioned to the petitioner.
*427 We think it is clear, upon the record presented, that he was at least justified in withholding warrants which, for forty years, had remained in his office, and, though cancelled, were proven from the records of the executive department to have been rescinded and annulled, and the claim upon which they were founded rejected upon evidence filed with that department.. The court is therefore of opinion that the record presents no ease for a mandamus, and that the rule must be discharged.
Mandamus refused.