## Richmond.

SUPERVISORS OF NOTTOWAY COUNTY v. J. L. POWELL & TOWN OF CREWE.

MARCH 17, 1898.

Absent, Cardwell, J.

1. MANDAMUS—*When it Will Issue.*—The writ of *mandamus* only issues where there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and there is no other specific and adequate legal remedy.

2. POWERS OF BOARD OF SUPERVISORS.—The powers and duties of the Board of Supervisors of a county are fixed by statute, and it has no other powers than those conferred expressly or by necessary implication.

3. MANDAMUS—*County Levies—Failure to Collect—Adequate Remedy.*—*Mandamus* is not the appropriate remedy to compel a county treasurer to collect tickets for county levies placed in his hands for collection. The Board of Supervisors have a complete and adequate remedy under the provisions of Chapters 36 and 37 of the Code, and Acts amendatory thereof, by which they can charge him with that portion of the levies which he has failed to collect, and in such case a *mandamus* will not be issued.

Error to a judgment of the Circuit Court of Nottoway county, rendered January 28, 1896, in a proceeding by *mandamus*, wherein the plaintiff in error was the petitioner, and the defendants in error were the respondents.

*Reversed.*

The opinion states the case.

*Geo. J. Hundley,* for the plaintiff in error.

*W. H. Mann,* for the defendants in error.

BUCHANAN, J., delivered the opinion of the court.

The appellant filed its petition in the Circuit Court of Notto-way county, in which it alleged that on the 30th day of July, 1894, it made an order fixing the county levy and school tax, and directed the treasurer of the county to collect the same; that the taxes so levied were regularly entered upon the land and property books of the county as required by law, but that the treasurer of the county, J. L. Powell, had wholly failed and neglected to collect any part of said taxes from the inhabitants of the town of Crewe, which is located within that county, and has less than five thousand inhabitants, upon the ground that the inhabitants and property owners of that town are relieved from such taxes by the charter of the town, which the petitioner denied, and prayed for a writ of *mandamus* against Powell, treasurer, to compel him to proceed to collect the taxes so levied. The treasurer, Powell, and the town of Crewe were made parties to the petition.

There was a motion to quash, and a demurrer to, the petition. Both the motion and the demurrer were overruled. The treas-urer filed an answer in which he admitted the allegations of the petition, and stated that he had refused to collect the taxes named, and still refused, because he is not satisfied that it is his duty to collect them. Upon a hearing of the cause, the Cir-cuit Court ordered a peremptory writ of *mandamus* to issue to the treasurer to collect the school taxes levied, but refused to direct him to collect the county levies assessed, upon the ground that the inhabitants of Crewe were exempt by the charter of the town from paying the latter tax.

From this judgment of the Circuit Court this writ of error was awarded.

The right of the appellants to ask for a *mandamus* is denied. It is claimed that they have a complete and adequate legal rem-

edy to enforce the collection of the county levies and taxes under the provision of chapters 36 and 37 of the Code, and amendments thereto.

But the motion to quash and the demurrer raised the question of the right of the Board of Supervisors to ask for a *mandamus* against the treasurer upon the facts alleged.

The writ of *mandamus* only issues where there is a clear and specific legal right to be enforced, or a duty which ought to be and can be performed, and where there is no other specific and adequate legal remedy by action or otherwise. High on Extra. Rem. (2nd Ed.), secs. 9 and 15; *Milliner* v. *Harrison*, 32 Gratt. 422.

The powers and duties of the Board of Supervisors are fixed by statute, and it has no other powers than those conferred expressly, or by necessary implication. *Roper* v. *McWhorter*, 77 Va. 214.

By section 833 of the Code, it is made the duty of the Board, at their annual meeting in July of each year, or as soon thereafter as practicable, to fix the amount of the county levies and taxes for the year, and to order a levy therefor upon persons and property subject to such taxation.

By section 834 the Board is required to examine, settle, and allow all accounts chargeable against the county, and when so settled to issue warrants therefor as provided by law, but it is prohibited from issuing in any one year a greater amount of warrants than the amount of county tax levied for such year.

By section 862 the county treasurer is required to receive the county levies in the manner prescribed for the receipt for the State revenue, and at the following July meeting of the Board of Supervisors, or as soon thereafter as may be, settle with the Board his accounts for that year.

By section 863 it is provided how the treasurer shall pay the warrants drawn upon the treasurer, or payable out of the taxes collected, and a remedy provided by which the holders of such warrants may recover the same, with damages and costs.

By section 865 it is provided how, when a treasurer goes out of office, his successor may recover from him and his sureties any balance due from him to the county.

Having fixed the amount of the county taxes and ordered a levy for the same, the Board of Supervisors had performed its duty, and it then became the duty of the treasurer to collect the taxes, and to account.for them in the manner prescribed by law. At the close of the year when he makes his settlement with the Board, he is chargeable with the whole amount of the county taxes, and is entitled to a credit on that sum for the amount of insolvent taxes allowed by the County Court and the Board of Supervisors, for his commissions for collecting the taxes, and for the amount disbursed or paid out by him as provided by law. If he had been unable to collect any part of the taxes, because the levy as to them was in violation of the constitution or laws, he ought, of course, to be credited with that sum also. The balance thus ascertained to be due from the treasurer. becomes fixed, and he and his sureties are liable therefor to the parties entitled thereto, who are authorized to proceed against him and his sureties to compel its payment.

It thus appears that the appellant, when it settled with the appellee Powell, treasurer, for the taxes of 1894, had a specific and adequate remedy by which it could have charged him with that portion of the taxes which he had failed to collect, and which it now seeks in this proceeding to compel him to collect.

It would hardly be contended that the Board of Supervisors would be entitled to a *mandamus* to compel the treasurer to collect taxes from tax-payers whose liability for them was not questioned, although he had not collected them when it had the right, and it was its duty to charge him with such taxes in his annual settlement. The fact that the treasurer may have doubt about whether it is his duty to collect any part of the taxes in hand, and for that reason fails to make any effort to collect them, is no sufficient reason why the Board of Supervisors should not charge him with such taxes, nor does it furnish any sufficient

ground for the Board to institute a proceeding like this to test the legality or constitutionality of the levy, in which none of the tax-payers to be effected by the decision of the question are parties.

We are of opinion, therefore, that the motion to quash, and the demurrer to the petition, ought to have been sustained, and the proceeding dismissed, without prejudice to the rights of either party. The court denied the relief prayed for in part, but in doing so it decided that the charter of the town of Crewe in so far as it exempted the tax-payers and inhabitants of that town from the payment of any county tax was within the power of the legislature, and constitutional, instead of upon the ground that the appellants had an adequate remedy at law. It is unnecessary for us to pass upon the question of the constitutionality of the charter, and it is eminently proper that we should not do so in a proceeding to which none of the tax-payers are parties.

The judgment of the Circuit Court must therefore be reversed, and this court will enter such judgment as the Circuit Court ought to have entered.

*Reversed.*