# Wytheville

### ERNST AND ERNST v. PATRICK COUNTY.

June 16, 1932.

Present, All the Justices.

 

The opinion states the case.

*W. L. Joyce* and *Charles W. Crowder*, for the plaintiff in error.

*R. E. Woolwine* and *F. P. Burton*, for the defendant in error.

BROWNING, J., delivered the opinion of the court.

Ernst and Ernst, accountants, were employed by the board of supervisors of Patrick county to audit the accounts of the school board of the county. The orders of the board effecting this employment are as follows:

"At a meeting of the board of supervisors of Patrick county, held at the court house thereof, on the 6th day of February, 1928.

"On the application of some citizens of Patrick county it is ordered that an audit be made of the receipts and disbursements of the school board of this county as soon as possible."

"At a meeting of the board of supervisors of Patrick county, held at the court house thereof, on the 1st day of April, 1929.

"*In re:* Order February 6, 1928, as to the audit of the treasurer's books of the school board of Patrick county.

"It appearing that the said work has not been done, it is ordered that the clerk of the board send a copy of this order to Ernst & Ernst, Winston-Salem, North Carolina, at once, to begin with the date of the consolidation of the public schools of Patrick county as a unit."

"At a meeting of the board of supervisors held for the county of Patrick, at the clerk's office, on July 6, 1930.

"The following claims were examined and allowed and the clerk is ordered to draw warrants on the county treasurer in payment of same, to wit:

"No. 10858. Ernst & Ernst, for auditing books
 of school board of Patrick county . . . . . . . . . . $1,185.90."

At the instance of thirteen citizens of the county an appeal was allowed from the above order of the board allowing the claim, to the circuit court of the county. At the hearing before the court documentary evidence was offered and also parol testimony to prove the circumstances, the work done and the results thereof. The accountants submitted their report showing that the financial condition of the schools of Patrick county was precarious; that the county was involved, in that, for the period covered by the audit there was a deficit of $26,703.33. The court, however, gave judgment for defendant on the ground that the board of supervisors was without authority of law to audit, or to order an audit, of the school board's books or accounts and, therefore, without authority of law to appropriate public funds for such purpose.

Two of the sections of the Code of Virginia pertaining to this matter are 2719 and 2728. Section 2719 is as follows:

"The board of supervisors of each county shall have power, and it shall be their duty, at the regular meeting in

the month of July in each year or as soon thereafter as practicable, to audit accounts and settle with officers; to audit the accounts of the county; to settle with the county treasurer his accounts for the year; to settle with the sheriff his accounts upon the collection of fines or other moneys accruing and belonging to the county; to audit the accounts of the superintendent of the poor and examine and pass upon his reports, and generally to settle with any other officer who may have an account with the county, and take such steps as may be necessary to secure a full and satisfactory exhibit and settlement of the affairs of the county."

Section 2728 is as follows:

"The board shall have power to represent the county and have the care of the county property and the management of the business and concerns of the county, in all cases where no other provisions shall be made, and, when necessary, to employ counsel to assist the attorney for the Commonwealth in any suit against the county, or in any manner affecting county property where the board is of opinion that such counsel is needed."

In *Roper* v. *McWhorter*, 77 Va. 223, the court said: "The board of supervisors, like every other quasi corporate body, being the mere creature of the statute, it has only such powers as are expressly conferred upon it, or necessarily implied in furtherance of the object of its creation."

In *Supervisors of Nottoway County* v. *Powell*, 95 Va. 635, 637, 29 S. E. 682, 683, the court said: "The powers and duties of the board of supervisors are fixed by statute, and it has no other powers than those conferred expressly or by necessary implication."

We think the board of supervisors of Patrick county exercised, in the case before us, an authority which finds its source in necessary implication from the statute. We shall so hold, and reverse the judgment of the trial court and enter final judgment for the plaintiff in error.

*Reversed.*