## CIRCUIT COURT OF THE CITY OF RICHMOND

Campbell County et al.

v.

State Water Control Board et al.

August 8, 1974

Case No. 7087

By JUDGE ALEX H. SANDS, JR.

Petitioners seek a writ of mandamus against defendants compelling defendants to join with petitioners in the creation of an area-wide sewer authority and to transfer a proposed regional sewage treatment plant to such area-wide sewer authority. Defendants have demurred to the petition and the matter is now before the court upon such demurrers.

The facts alleged in the petition which for purposes of demurrer must be accepted as true are that Campbell County is a political subdivision of the State of Virginia and a member of the Central Virginia Planning District Commission (hereinafter referred to as "Central") and that Campbell County Utilities and Service Authority (hereinafter referred to as "Authority") is an authority crated by Campbell County to build and operate sewer facilities within Campbell County.

Petitioners allege that pursuant to the terms of the Virginia Area Development Act (hereinafter called "Development Act")[1] Central had promulgated what is referred

---

[1] Chapter 34, Title 15.1 of the Code of Virginia.

to as a Water Quality Management Plan such as is contemplated by the "Development Act" and that the plan thus formulated recommended a multi-jurisdictional Regional Sewage Treatment Plant to be operated and owned by an area-wide sewer authority. Petitioners say that this plan was formally adopted by five of the six member jurisdictions of "Central" and thus became the official plan for the district.

Petitioners say that defendant State Water Control Board (hereinafter referred to as "Board") contrary to the recommendations of the Water Quality Management Plan ordered the allocation of funds under a federal grant for sewage treatment and water control to the construction of improvements to an existing sewage treatment plant located within the City of Lynchburg to be owned and operated by the City of Lynchburg, the facilities to be available to other district members upon the payment to the City of Lynchburg of fixed charges, including a proportionate share of operating expenses and proportionate contribution to the capital investment in the plant.

Petitioners allege that by its action in allocating the federal funds to the plan under which the Lynchburg-owned facilities were to be implemented and used by the other defendants rather than to the implementation of the plan promulgated by "Central," defendant Water Control Board was in violation of § 15.1-1407 of the Code of Virginia as was the action of the other defendants who will be participating in the "Lynchburg" plan.

The thrust of the demurrer is an attack upon the method by which the relief is sought, mandamus.

It is the position of the defendants that this method of procedure is not available to petitioners. The threshold issue to be resolved is whether the action of Water Control Board under attack is or is not of a discretionary nature. If of a discretionary nature, mandamus will not lie because there would then be no legal duty upon the defendant to perform the act in question. *R. F. & P. Railroad* v. *Fugate*, 206 Va. 159 (1965). It is crystal clear from a reading of Virginia Code §§ 62.1-44.15(12) and (13) that the action which petitioners here seek to force upon defendants through mandamus is strictly of a discretionary nature. It is further perfectly apparent from a reading of Code § 15.1-1407 that the prohibition therein imposed does not concern the State Water Control Board.

A further ground assigned in support of defendants' demurrers is that there exists to petitioners an adequate remedy at law through which they may have a final adjudication of their rights, the alleged violation of which is the basis of the instant mandamus proceeding. Section 62.1-44.29 of the Code of Virginia provides a procedure through which petitioners may appeal an adverse decision of the Water Control Board to the appropriate Circuit Court and, in the event of an adverse ruling by such court, then to the Virginia Supreme Court. Petitioners argue that a resort to this procedure, even if the ultimate outcome be favorable to them, would not afford them full relief. It is difficult to see, however, in what manner petitioners could secure any more complete relief than is available to them under this section of the Code for the Circuit Court may affirm or reverse the decision of the Water Board, may remand the matter to such Board for further proceedings or may modify the Board's ruling as required to meet the ends of justice.

Petitioners rely upon *C. C. & Ohio Ry.* v. *Scott County*, 109 Va. 34 (1909), in support of their contention that they do not have an adequate remedy at law. *Scott*, however, does not support their contention. In *Scott*, the statute under consideration required the county, upon being presented with a petition asking the Board of Supervisors to consent to a proposed alteration of a county road, to act upon such petition. Plaintiff sought to have the Board act on the petition which the Board would not do. Plaintiff did not seek to mandamus the Board to consent or to withhold consent, but only to *act* one way or the other. This language of the court clearly distinguishes the issue in the *Scott* case from that in the case at bar:

> It is not contended in this case that mandamus will lie to compel the board to exercise the discretion given to it and select a particular route for the location of the highway, but that mandamus will lie to compel the board *to give or refuse to give* its consent to the alteration of a highway to a given route. Compulsion in the first instance would take away the discretion given the board, while in the

second its discretion conferred by the statute would be left unimpaired, and the board merely be compelled to take action generally, i.e., give its consent to the proposed route of the new road or refuse to give its consent. It will be observed that plaintiff in error is not seeking to compel by mandamus the defendant in error to consent to the route selected by the plaintiff in error, but merely to consent to the route proposed or refuse to consent thereto.

It is held, therefore, that petitioners do have an adequate remedy at law and this being true, upon this ground alone mandamus would not lie. *Richmond Greyhound Lines* v. *Davis*, 200 Va. 147 (1958).

It may well be true, as petitioners urge, that whether petitioners have a right entitling them to the relief sought would require testimony relating to the scope and extent of the action taken by the governing bodies of the defendants (other than the Water Control Board) towards the implementation of the Water Quality Management Plan for Central Virginia and for this reason, the first ground for demurrer (i.e., that no right exists) may not be tenable. This would be of no moment, however, for since two of the essential factors required for relief by mandamus (i.e., (a) existence of a legal duty and (b) absence of another adequate remedy at law) are lacking in the case at bar, mandamus cannot issue.

For the above reasons, the petition seeking mandamus will be dismissed.