## CIRCUIT COURT OF FAIRFAX COUNTY

Joel Moyer

v.

Brooks Catlin

April 6, 1995

Case No. (Law) 138668

By Judge Robert W. Wooldridge, Jr.

This matter comes on the Defendant's motion to set aside the Plaintiff's confessed judgment against them. For the reasons stated below, that motion is denied.

In settlement of previous litigation between the parties, in late January 1995, the Defendants executed a promissory note payable to the Plaintiff. The note was in the amount of $24,261.80 but could be satisfied by monthly payments totaling $13,000 due on the third of each month beginning January 1995, and ending November 1995. The January payment was for $3,000; each subsequent payment was for $1,000. The Defendants made the January payment but did not make the February payment timely. On February 7, 1995, Plaintiff confessed judgment under the note.

Defendants moved to set aside the confessed judgment on three grounds. First, they proffered evidence that under the terms of the settlement of the previous litigation, entry of and receipt by the defendants of a dismissal order in the previous suit and execution of a separate settlement agreement were conditions precedent to a payment obligation under the note. The dismissal order was entered February 2, 1995, received by Defendants' counsel on February 4, 1995, and received by the Defendants on February 5, 1995, whereupon the February payment check was immediately issued. Therefore, claim the Defendants, there was no default. Second, they assert that the confession of judgment terms of the promissory note failed to comply with the requirements of § 8.01-433.1 of the Code of

Virginia, and therefore, the confession of judgment is invalid. Finally, they assert that their payment constituted substantial compliance with the note, which has no "time is of the essence" clause. The Court holds otherwise.

First, Defendants assert that entry of a dismissal order and execution of a separate settlement agreement was a condition precedent to payment of the note and that proof of actual consideration may always be offered despite the parol evidence rule. But although consideration may often be shown by parol evidence, "[i]t may be confidently affirmed as the settled law of this State, that where a negotiable note or other unconditional promise to pay at a stipulated time is regular upon its face and is delivered to the payee as a valid and binding obligation for ever so short of time, no contemporaneous parol agreement can be set up to show that payment was not to be demanded . . . [until] the happening of any other subsequent event not mentioned in the note itself. All such efforts have as their end to change or vary the terms of the written contract, which we think is contrary to the great weight of authority and is clearly in conflict with the previous decisions of this court." *Crafts v. Broadway National Bank of Richmond*, 142 Va. 702, 710 (1925). Similarly, "[u]nder proper circumstances, parol evidence of a condition precedent may be received to show that a written instrument did not become effective; but in a long line of decisions, we have consistently held that the condition precedent must be neither inconsistent with the instrument itself, nor of such a character that its performance would render the instrument wholly ineffective or nugatory." *Walker & Laberge Co. v. Bank*, 206 Va. 683, 690 (1966). Parol evidence to prove true consideration is not admissible if its effect is to alter or contradict the terms of the instrument. *Adams v. Seymour*, 191 Va. 372 (1950). The proffered testimony of the defendants would be inconsistent with the payment obligations under the note. The parol evidence rule therefore bars it.

Second, the Court finds that the confession of judgment provision in the note substantially and sufficiently meets the requirements of § 8.01-433.1 of the Code of Virginia. That statute requires a confession of judgment provision in a note be in boldface print of not less than eight point type as follows:

IMPORTANT NOTICE

THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A

DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

The provision in the note at issue was in capital letters of not less than eight point type and was prominently displayed within the note. The title "IMPORTANT NOTICE" was not present. Defendants also claim that the confession of judgment language was not in boldface type, although the provision is so prominent as to appear to the Court to be in boldface type. The Court finds that the absence of the heading "IMPORTANT NOTICE" is insufficient to make the confession of judgment clause invalid. The purpose of the statutory requirements is to ensure that the makers of the note are aware that a confession of judgment provision is included. Clearly here that purpose was met.

Finally, although there is no "time is of the essence" clause in the note, it is clear that payment is due on the third of each month and that "any installment of payment under this Note that is not received when due shall be deemed an event of default . . . . Upon a default occurring, the entire indebtedness of $24,261.80 less credits shall immediately become due and payable . . . ." The requirement for timely payment under the Note is plain.

Mr. Schell shall prepare an order denying the motion to set aside the confessed judgment and incorporating this opinion letter and forward it to Mr. Blanchard for endorsement.