# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Mona Newman

    v.

City of Alexandria

May 6, 2008

Case No. (Law) CL08001870

BY JUDGE LISA B. KEMLER

Before the Court is Mona Newman's Verified Petition for Writ of Mandamus and the Answer filed by the City of Alexandria (the City). Though the parties dispute the contents of a telephone conversation that occurred between the Petitioner's counsel and counsel for the City on February 7, 2008, counsel agreed that there was no need to present testimony and agreed that the Court could decide the matter on the pleadings and exhibits attached thereto.

The relevant facts are as follows. On February 6, 2007, Petitioner suffered an injury while employed by the City as a parking enforcement officer with the Alexandria Police Department. As reflected in a letter to the Petitioner from David Baker, Chief of Police, dated October 25, 2007, and a letter from Henry Howard, Jr., Director of Personnel Services, dated November 12, 2007, Petitioner's employment was terminated effective November 16, 2007, due to her alleged physical incapacity to perform her job duties. On November 20, 2007, Petitioner filed a grievance pursuant to Administrative Regulation ("AR") 6-21. Her grievance was denied at Steps 1 and 2. On November 29, 2007, a Step 3 hearing was held before Deputy Police Chief Cleveland Spruill and, on December 13, 2007, he upheld the medical termination. Petitioner timely noted her appeal from Step 3 and requested a Step 4 Grievance Hearing. The City failed to respond or take any action in response to the appeal within seven days as required by the grievance procedures. On January 9, 2008, Petitioner sent a letter to the City Manager in which she asked for her job to be reinstated.

Personnel Director Howard responded to her letter on January 30, 2008 in which he stated that Petitioner would be contacted about the Step 4 hearing in the near future. Petitioner thereafter retained counsel, and, on February 4, 2008, counsel for petitioner sent a letter to counsel for the City advising that the City had failed to follow the grievance procedure by failing to timely schedule the Step 4 hearing and demanding reinstatement. The City received the letter on February 7, 2008, and counsel for the City represented at the oral argument that the City treated the February 4th letter as the five-day notice of noncompliance (AR6-21(VI)(B)(4).) As a result, on February 7, 2008, Barbara DiRenzo, the City Personnel Analyst, called Petitioner's counsel seeking to schedule the Step 4 hearing, but counsel refused to schedule the hearing. On February 14, 2008, Petitioner's counsel and counsel for the City had a telephone conversation in which they discussed the matter. Though counsel for the City recalls that she offered to set up the Step 4 hearing, Petitioner's counsel has no such recollection; however, he candidly stated at the oral argument that he could not say that the City did not make such an offer in that telephone conversation but that he had his issues to pursue.

To corroborate the City's position that it had, in fact, made such an offer, the City submitted a memorandum from the City's counsel to Petitioner's counsel dated February 29, 2008, in which the City's counsel advised Petitioner's counsel as to her understanding of what they had agreed to in their February 14th telephone call. (See Exhibit 10 attached to City's Answer.) This memorandum was sent via facsimile in response to a letter dated February 28, 2008, from Petitioner's counsel to counsel for the City. In that letter, Petitioner's counsel specifically refers to AR 6-21(VI)(B)(3) and notes that "it states the City must correct a noncompliance within five days of the receipt of the notification by us of the compliance violation" and that, because there was no response to the notification (*i.e.*, the February 4th letter), Petitioner was requesting a determination from the Director of Personnel or his designee as to whether the City's failure to comply with the grievance procedures was without just cause. After efforts by counsel to settle the matter failed, Petitioner filed her verified petition on March 28, 2008, in which she seeks reinstatement of her job. The City's Answer was filed on April 7, 2008, asking that the verified petition be dismissed and that Petitioner be directed to follow the grievance procedure or, in the alternative, to dismiss both the verified petition and the grievance.

In support of its argument for dismissal of the verified petition, the City claims that the Court lacks jurisdiction to adjudicate this matter because the Petitioner failed to put the City on five-day notice of its noncompliance. The Court rejects this argument and finds that the February 4, 2008, letter from

Petitioner's counsel to counsel for the City, although not specifically referencing AR 6-21(VI)(B)(4), clearly constituted notice of noncompliance. Even if the February 4, 2008, letter was not a clear statement of noncompliance and request for a just cause determination, the February 28th letter was such a statement.

The question remains, however, in light of the fact that the City has failed to comply with substantial procedural requirements of the grievance procedure in failing to timely schedule a Step 4 hearing, whether issuing a mandamus as requested by Petitioner is appropriate. A writ of mandamus is an extraordinary remedy. In order to justify the issuance of the writ, the petitioner must meet three requirements: (1) the petitioner has a clear and specific legal right to the relief sought, (2) the respondent has a duty which ought to and can be performed, and (3) there is no other specific and adequate legal remedy. The proper function of mandamus is to enforce duties growing out of public concern, or imposed by statute, or in some respect involving a trust or official duty. *Richmond Ry. & Elec. Co. v. Brown*, 97 Va. 26, 32 S.E. 775 (1899); *Carolina, C. & O. Ry. v. Board of Supvrs. of Scott County*, 109 Va. 34, 63 S.E. 412 (1909).

Upon receipt of the February 4th letter, the City, through the City Personnel Office, attempted to bring itself into compliance by offering to schedule the Step 4 hearing. Counsel for Petitioner declined the offer and pursued reinstatement. On February 14, counsel for the parties had a telephone conversation in which counsel for the City again offered to set up a Step 4 hearing as soon as both counsel could agree on a mutually convenient time. Again, Petitioner's counsel pursued reinstatement. Whether there was a miscommunication or misunderstanding regarding the intent of counsel for Petitioner to reach a settlement, I find that the City attempted to correct its noncompliance by offering to schedule the Step 4 hearing on February 7 when it responded to the February 4th letter. As such, the Verified Petition for Writ of Mandamus is denied, and the parties are directed to proceed to a Step 4 hearing as soon as is practicable.