# CIRCUIT COURT OF FAIRFAX COUNTY

T.D. Bank, N.A.

v.

John T. Frey

May 31, 2011

Case No. CL-2011-626

By Judge Lorraine Nordlund

This matter originally came before the Court on Petitioner's Petition for a Writ of Mandamus. The Court heard oral argument on February 11, 2011, and granted the Petition. On February 23, 2011, the Clerk filed a Motion to Set Aside the Court's February 11, 2011, Order and asserted to the Court's law clerk that the motion challenged the Court's subject matter jurisdiction to grant the Petition. Accordingly, the Court set the matter for a hearing on March 18, 2011, and gave the Petitioner an opportunity to file a brief in opposition to the Motion. When the Court reviewed the Clerk's Motion on March 15, 2011, the Court determined that it needed more time to review the applicable case law and took the matter under advisement. The Court hereby denies the Motion to Set Aside the February 11, 2011, Order for the reasons stated below.

*Background*

Petitioner T.D. Bank, N.A., filed a Petition for a Writ of Mandamus asserting the following undisputed sequence of events. On or about December 14, 2010, Petitioner's counsel presented to the Clerk a confession

of judgment against a commercial debtor, Diamond Solution, Inc., and two individual guarantors, Earl and Mary Brown. In response, the Clerk refused to accept and endorse the confession of judgment because he asserted that the instruments upon which the confession was based did not comply with Va. Code § 8.01-433.1, specifically in that they lacked the words, "IMPORTANT NOTICE."

On December 17, 2010, Petitioner's counsel presented the Clerk with Judge Wooldridge's decision in the case of *Moyer v. Catlin*, 36 Va. Cir. 209 (Fairfax 1995). Despite the holding in that case, the Clerk refused to accept and endorse the Petitioner's confession of judgment. Petitioner then brought this Petition for a Writ of Mandamus to force the Clerk to comply with his duties under Va. Code § 8.01-437. The Clerk filed a brief in opposition, and the Court reviewed the briefs prior to hearing oral argument on February 11, 2011. Based on the arguments in the briefs and reasons stated on the record on February 11, the Court granted the Petition for the Writ of Mandamus. On February 23, 2011, the Clerk filed a Motion to Set Aside the Court's February 11, 2011, Order.

*Analysis*

A. *Writ of Mandamus: Jurisdiction*

The Clerk's Motion contends that the Court lacked subject matter jurisdiction to grant the writ of mandamus because the note at issue lacks the notice that Va. Code § 8.01-433.1 requires. But the Court's February 11, 2011, Order was not an order entering the confessed judgment. Rather, it was an Order requiring the Clerk to accept confessed judgments that have met all other statutory notice requirements yet merely lack the words "IMPORTANT NOTICE." Regardless, the Court will reiterate its position on the substantive issues underlying the dispute between the Petitioner and the Clerk. As noted above, the Clerk asserts that the absence of those words, "IMPORTANT NOTICE," prevents him from accepting and endorsing the Petitioner's confession of judgment based on Va. Code § 8.01-433.1. This Court has previously addressed the exact same issue in the case that Petitioner's counsel presented to the Clerk. In *Moyer v. Catlin*, Judge Wooldridge held:

> The Court finds that the absence of the heading "IMPORTANT NOTICE" is insufficient to make the confession of judgment clause invalid. The purpose of the statutory requirements is to ensure that the makers of the note are aware that a confession of judgment provision is included. Clearly here that purpose was met.

36 Va. Cir. at 211. In coming to this conclusion, Judge Wooldridge noted that the remaining words of § 8.01-433.1's required notice were present in the instrument and were typed in the appropriate font size. 36 Va. Cir. at 211. Judge Wooldridge further found that the notice provision was in boldface type and "prominently displayed within the note." *Id.*

This Court finds Judge Wooldridge's decision persuasive and sees no reason to depart from it. In this case, the instruments underlying the requested confession of judgment are similarly missing the words "IMPORTANT NOTICE" but contain the other words that § 8.01-433.1 requires. Additionally, the notices in this case are in boldface type, all capital letters, and in 12-point font, which is larger than the requisite font size (8-point). The placement of the notices in the instruments at issue further supports the Court's finding that they meet the purpose of the statutory requirements because they are at the top of the first page of each instrument. The borrower and guarantors see nothing in these documents before they see this notice. There can be no question that they were aware of the inclusion of the confession of judgment provision. When no confidential relationship exists between parties to a contract and the parties have ample time to read a contract, the law imputes a duty to read on all parties and will not allow failure to read to defeat the terms of a written agreement. *See Ashby v. Dumouchelle*, 185 Va. 724, 733, 40 S.E.2d 493 (1946).

Although not addressed in the Motion to Set Aside, the Court also finds that the Virginia Va. Code confers subject matter jurisdiction upon it to grant a writ of mandamus in this case. Va. Code § 17.1-513 states in pertinent part:

> The circuit courts shall have jurisdiction of proceedings by quo warranto or information in the nature of quo warranto and to issue writs of mandamus, prohibition, and certiorari to all inferior tribunals created or existing under the laws of this Commonwealth, *and to issue writs of mandamus in all matters of proceedings arising from or pertaining to the action of the boards of supervisors or other governing bodies of the several counties for which such courts are respectively held or in other cases in which it may be necessary to prevent the failure of justice and in which mandamus may issue according to the principles of common law.*

(Emphasis added.) A trial court has jurisdiction by mandamus to compel its officer to do a merely ministerial act, concerning which he has no discretion. *Rinehart & Dennis Co. v. McArthur*, 123 Va. 556, 565, 96 S.E. 829 (1918). *See also Richmond-Greyhound Lines, Inc. v. Davis*, 200 Va. 147, 152, 104 S.E.2d 813 (1958). The Clerk concedes that his duties regarding confessed judgments are ministerial in nature; therefore, no analysis is required as to

this general statement of the court's jurisdiction. Clerk's Memo. in Opp. to Petition for Writ, p. 2: "In a confessed judgment case, the clerk's duties are ministerial." 1977-1978 Report of the Attorney General, 57, 58.

## B. *Writ of Mandamus: Required Elements*

The Clerk has challenged the Court's granting of the petition for the writ on multiple grounds, and the Court will address each as they correspond with the requisite elements for a writ. The Clerk asserts that, although his duties regarding confessed judgments are ministerial in nature, the Clerk must obey the legal authority of Va. Code § 8.01-433.1 when performing his duties under §§ 8.01-432, 8.01-436, and 8.01-437. Clerk's Memo. at 3: "In refusing to accept the Petitioner's confessed judgment, the Clerk is merely performing his duty in `obedience to the mandate' of the statute. The Clerk is not exercising his own judgment upon the propriety of the act being done."

Prior to granting a petition for a writ of mandamus, three elements must be present: (1) the existence of a clear right in the Petitioner to the relief sought; (2) the existence of a legal duty on the part of respondent to do the thing which the Petitioner requests the respondent to do; and (3) the absence of another adequate remedy at law. *Richmond-Greyhound Lines*, 200 Va. at 152. Additionally, "even though he may have another specific legal remedy, if such remedy be obsolete or inoperative, the *mandamus* will be granted." *Id.* Furthermore:

> The "adequate remedy" which will bar mandamus must be such as reaches the end intended and actually compels the performance of the duty in question. It must be equally as convenient, beneficial, and effective as the proceeding by mandamus. The function of the writ of mandamus is to enforce the performance of duties growing out of public relations, or imposed by statute, or in some respect involving a trust or official duty.

*Carolina, C. & O. RR. v. Board of Supervisors*, 109 Va. 34, 37, 63 S.E. 412 (1909) (citing *Richmond Ry. & Elec. Co. v. Brown*, 97 Va. 26, 32 S.E. 775 (1899)).

### 1. *The Petitioner's Clear Right to the Relief Sought*

The Virginia Code discusses a Petitioner's right to the confession of judgment in two separate sections. The first is found in Va. Code § 8.01-432, which states:

Any person being indebted to another person, or any attorney-in-fact pursuant to a power of attorney, may at any time confess judgment in the clerk's office of any circuit court in this Commonwealth, whether a suit, motion, or action be pending therefor or not, for only such principal and interest as his creditor may be willing to accept a judgment for, which judgment, when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court. Such judgment shall be as final and as binding as though confessed in open court or rendered by the court, subject to the control of the court in the clerk's office of which the same shall have been confessed.

Virginia Code § 8.01-435 expands upon § 8.01-432 as follows:

Confession of judgment under the provisions of § 8.01-432 may be made either by the debtor himself or by his duly constituted attorney-in-fact, acting under and by virtue of a power of attorney duly executed and acknowledged by him as deeds are required to be acknowledged, before any officer or person authorized to take acknowledgments of writings to be recorded in this Commonwealth, provided, however, that any power of attorney incorporated in, and made part of, any note or bond authorizing the confession of judgment thereon against the makers and endorsers in the event of default in the payment thereof at maturity need not be acknowledged, but shall specifically name therein the attorney or attorneys or other person or persons authorized to confess such judgment and the clerk's office in which the judgment is to be confessed.

The Clerk does not assert that the Petitioner's attorney is not the attorney-in-fact for the debtor under the note, nor does the Clerk claim that the creditor is willing to accept a lesser amount of principal and interest for the debt. Moreover, the Clerk does not argue that the note at issue failed to specifically name the Petitioner's attorney as the attorney-in-fact, nor does he contend that the note did not name the Clerk's Office of this Court. The Clerk does not dispute that the Petitioner has complied with the statutory requirements set forth in Va. Code §§ 8.01-432 and 8.01-435. Nor has the Court been able to find any reason why the Petitioner would not be entitled to the confession of judgment it seeks. Therefore, the Petitioner has a clear right to the relief it seeks in this case.

*2. The Respondent's Legal Duty To Do the Thing Requested*

The Clerk's legal duty to do what the Petitioner requests is delineated in three separate sections of the Virginia Code. First, Va. Code § 8.01-432 states in pertinent part that a confession of judgment, "when so confessed, shall be forthwith entered of record by the clerk in whose office it is confessed, in the proper order book of his court." Second, Va. Code § 8.01-436 expands upon the Clerk's duty as follows:

> On the presentation of any such power of attorney as is mentioned in § 8.01-435 by any of the persons therein named as attorney-in-fact, or on the personal appearance of the debtor and the expression by him of his desire to confess such judgment, the clerk of the court mentioned in such power of attorney, or before whom such debtor shall so appear, shall draw and require the attorney-in-fact so appearing, or the debtor, as the case may be, to sign a confession of judgment. . . .

Third and finally, Va. Code § 8.01-437 addresses the Petitioner's request that the Clerk endorse the confession of judgment. It states, "When a judgment is so confessed, the clerk shall endorse upon such confession, or attach thereto, his certificate. . . ." *Id.* Again, the Clerk does not dispute that these portions of the statute require him to perform the duties that the Petitioner requests.

Instead, the Clerk argues that he has an additional duty under Va. Code § 8.01-433.1 to ensure that each instrument presented for confession of judgment contains the statute's required notices. Clerk's Memo: at 4: "In the instant case, the statute [Va. Code § 8.01-433.1] contains a specific requirement. The clerk did not accept the confession of judgment because the confessed judgment note did not comply with the specific requirement of the statute. This is exactly what the Clerk is supposed to do in carrying out a ministerial act." Section 8.01-433.1 states:

> No judgment shall be confessed upon a note, bond, or other evidence of debt pursuant to a confession of judgment provision contained therein which does not contain a statement typed in boldface print of not less than eight point type on its face:
> IMPORTANT NOTICE
> THIS INSTRUMENT CONTAINS A CONFESSION OF JUDGMENT PROVISION WHICH CONSTITUTES A WAIVER OF IMPORTANT RIGHTS YOU MAY HAVE AS A DEBTOR AND ALLOWS THE CREDITOR TO OBTAIN A JUDGMENT AGAINST YOU WITHOUT ANY FURTHER NOTICE.

Admittedly, the statute's use of the passive voice makes it somewhat ambiguous as to whether the Clerk has any power to prevent a judgment

from being confessed if it omits any of the exact words contained in this notice. However, as discussed in *Moyer* and other cases, a review of this notice is a determination regarding the legal sufficiency of the confession of judgment, a judicial determination, not a ministerial function.

Bolstering this conclusion, multiple other Code sections indicate that the use of this phrase, "No judgment shall be," does not give the Clerk quasi-judicial powers or duties. Four other section of the Virginia Code regarding proceedings in the circuit courts use the same language. They are as follows:

> § 8.01-315. *Notice to be mailed defendant when service accepted by another*: *No judgment shall be* rendered upon, or by virtue of, any instrument in writing authorizing the acceptance of service of process by another on behalf of any person who is obligated upon such instrument, when such service is accepted as therein authorized, unless the person accepting service shall have made and filed with the court an affidavit showing that he mailed or caused to be mailed to the defendant at his last known post-office address at least ten days before such judgment is to be rendered a notice stating the time when and place where the entry of such judgment would be requested.

> § 8.01-353. *Notice to jurors; making copy of jury panel available to counsel; objection to notice.* . . . B. *No judgment shall be* arrested or reversed for the failure of the record to show that there was service upon a juror of notice to appear in court unless made a ground of exception in the trial before the jury is sworn.

> § 15.2-1623. *Judgment for officer or sureties against deputy, etc., when officer liable for misconduct of deputy*: If any deputy of a sheriff or other officer commits any default or misconduct in office for which his principal or the personal representative of such principal is liable, or for which a judgment or decree shall be recovered against either, the principal or his personal representative may, on motion, obtain a judgment against such deputy and his sureties, and their personal representatives, for the full amount for which such principal or his personal representative may also be so liable or for which such judgment or decree may have been rendered. However, *no judgment shall be* rendered by virtue of this section for money for which any other judgment or decree has been previously

rendered against such deputy or his sureties or their personal representatives.

> § 28.2-401. *Service of process for nonresident individuals, foreign corporations, general and limited partnerships*: A. A nonresident applicant who is an individual shall by written power of attorney appoint the Secretary of the Commonwealth his agent, upon whom shall be served all lawful process against or notice to such licensee, and who shall be authorized to enter an appearance in his behalf. The service shall only be made in duplicate upon the Secretary of the Commonwealth. The power of attorney shall be filed with the Secretary of the Commonwealth, and copies certified by him shall be received as evidence in all the courts of this Commonwealth. *No judgment shall be* entered against the licensee until after the process has been served for at least ten days.

Italics added.

Despite their containing the same phrase which the Clerk relies on in this case, none of these Code sections contemplates any involvement by the Clerk or imposes any duty on him to personally ensure that the various requirements are complied with prior to allowing a judgment to be entered in the proper order book of the Court. Default judgments, for example, are reviewed for sufficiency by judges, not the Clerk, to ensure that the requirements of Va. Code § 8.01-315 are met.

Assuming, *arguendo*, that the provisions of Va. Code § 8.01-431 *et seq.* uniquely contemplate the Clerk's involvement in confession of judgment proceedings, the Court must interpret a subsection of a statute based on the plain meaning of its language and in the context of the other subsections. *See Board of Supervisors v. Medical Group Found., Inc.*, 204 Va. 807, 134 S.E.2d 258 (1964). The Court "will not apply an unreasonably restrictive interpretation of the statute that would subvert the legislative intent expressed therein." *Ghameshlouy v. Virginia Beach*, No. 1882-07-01, 2010 Va. App. LEXIS 370, *4 (Sept. 14, 2010) (internal quotations and citations omitted). Applying the Clerk's interpretation of the statute would subvert the legislature's intent to give the judgment debtor, not the Clerk, the remedy to challenge a void or infirm confession of judgment through the provisions of Va. Code § 8.01-433, which states:

> Any judgment confessed under the provisions of § 8.01-432 may be set aside or reduced upon motion of the judgment debtor made within twenty-one days following notice to him that such judgment has been entered against him, and after twenty-one days' notice to the judgment creditor or creditors

for whom the judgment was confessed, on any ground which would have been an adequate defense or setoff in an action at law instituted upon the judgment creditor's note, bond, or other evidence of debt upon which such judgment was confessed. Whenever any such judgment is set aside or modified, the case shall be placed on the trial docket of the court, and the proceedings thereon shall thereafter be the same as if an action at law had been instituted upon the bond, note, or other evidence of debt upon which judgment was confessed. After such case is so docketed, the court shall make such order as to the pleadings, future proceedings, and costs as to the court may seem just.

Imposing on the Clerk the duty to engage in a substantive analysis as to the legal sufficiency of a confessed judgment and thereby the additional duty to refuse to docket one which the Clerk believes lacks the precise wording of § 8.01-433.1 would eliminate one ground on which the judgment debtor could move to set aside a confessed judgment under this section. This Court will not read Va. Code § 8.01-433 in contravention of its plain meaning to give to the Clerk a remedy that is intended solely for the judgment debtor.

For the foregoing reasons, the Court finds that the Clerk has a duty to accept and endorse the confession of judgment the Petitioner attempted to submit and does not have any additional duties under § 8.01-433 that would preclude him from accepting and endorsing that confession of judgment.

### 3. *The Absence of Another Adequate Remedy at Law*

In response to the Petition, the Clerk further argues that the mandamus should not be granted, as the Petitioner has another adequate remedy, to wit, suing on the underlying note. Clerk's Memo. at 5: "In the instant case, the Petitioner's remedy is to sue on the underlying note." As discussed above, "[t]he 'adequate remedy' which will bar mandamus must be such as reaches the end intended and actually compels the performance of the duty in question. It must be equally as convenient, beneficial, and effective as the proceeding by mandamus." *Carolina, C. & O.*, 109 Va. at 37. If the Petitioner were to sue on the underlying note, it would most likely result in a lengthy and expensive litigation for the Petitioner who knew, and made sure that the obligor understood, that the confession of judgment provision would alleviate the need for litigation by either of the parties to the note. A suit on the note, therefore, would not be equally as convenient, beneficial, and effective as the proceeding by mandamus, which requires the filing and argument of one petition. Ultimately, and most importantly, suing on the note would not actually compel the performance of the duty in question, acceptance and endorsement of the confessed judgment.

Even taking a broader view of the remedy sought and viewing it as obtaining the confessed judgment, the Court will not find suing on the note to be an adequate remedy based on general principles of contract law. When reviewing a contract dispute, the Court must assume, without any evidence to the contrary, that two sophisticated, commercial parties can contract away many of their legal rights. *Gordonsville Energy, L.P. v. Virginia Elec. & Power Co.*, 257 Va. 344, 356, 512 S.E.2d 811 (1999). The parties in this case represented in boldface type, at the end of each instrument:

> THE BORROWER, EACH ENDORSER AND GUARANTOR AND THE BANK EACH HEREBY KNOWINGLY, VOLUNTARILY, AND INTELLIGENTLY AND, AFTER AN OPPORTUNITY TO CONSULT WITH LEGAL COUNSEL, (A) WAIVES ANY AND ALL RIGHTS TO A TRIAL BY JURY IN ANY ACTION OR PROCEEDING IN CONNECTION WITH THIS NOTE, ANY OF THE OBLIGATIONS OF THE BORROWER, EACH ENDORSER AND GUARANTOR TO THE BANK, AND ALL MATTERS CONTEMPLATED HEREBY AND DOCUMENTS EXECUTED IN CONNECTION HEREWITH AND (B) AGREES NOT TO SEEK TO CONSOLIDATE ANY SUCH ACTION WITH ANY OTHER ACTION IN WHICH A JURY TRIAL CANNOT BE, OR HAS NOT BEEN WAIVED.

Just as forcing either party to engage in a jury trial would deprive it of the benefit of its bargain, forcing the Petitioner to forego the confessed judgment and sue on the note would have the same effect. The Court declines to require the Petitioner to forego a term in its agreement that it bargained for, especially in the face of the passage quoted above, indicating that all parties had an opportunity to consult with counsel prior to signing the instruments at issue.

For the reasons stated hereinabove, the Court finds that the Clerk is required to perform his duty to accept and endorse the confessed judgment because the Petitioner has a clear right to the remedy it seeks and lacks another adequate remedy at law.